512 A.2d 644

**Jerome GOLDSTEIN, Appellant,**

**v.**

**Helene GOLDSTEIN, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1985.

Filed June 18, 1986.

Neil H. Stein, Philadelphia, for appellant.

Albert Momjian, Philadelphia, for appellee.

492

Before SPAETH, President Judge *, and BROSKY, ROW-
LEY, WIEAND, McEWEN, CIRILLO, OLSZEWSKI, MON-
TEMURO and TAMILIA, JJ.

MONTEMURO, Judge:

The essential question presented in this appeal is whether
a pending equity action seeking the partition of entireties
property is pre-empted or superseded by a subsequently
filed complaint in divorce which requests, *inter alia*, eq-
uitable distribution pursuant to the Divorce Code of 1980.[1]

Appellant, Jerome Goldstein, and appellee, Helene Gold-
stein, were married on August 27, 1972. On January 18,
1982, appellant filed an action in equity which alleged that
appellee had misappropriated approximately $43,680 which
had been held in the parties' joint bank account. Appellant
requested the partition of the joint account and all other
property owned jointly by appellant and appellee. At the
time of appellee's misappropriation of the money, the par-
ties were still residing together. Subsequent to the filing
of appellant's partition action, appellee, on January 27,
1982, filed[2] an action in divorce under the Divorce Code of
1980, in which she sought the equitable distribution of
marital property. In response to her husband's partition
action, appellee filed preliminary objections claiming that
partition actions were "superseded and preempted" by the
Divorce Code.[3] The trial court, in an order entered July 13,
1982, sustained appellee's preliminary objections and dis-
missed appellant's partition action without prejudice to the

* SPAETH, President Judge did not participate in the consideration or
decision of this case.

1. Act of April 2, 1980, P.L. 63, No. 26, § 101, *effective* July 1, 1980, 23
P.S. § 101 *et seq.*

2. Appellee's divorce action and appellant's partition action were both
filed in the Court of Common Pleas of Montgomery County. In
*Marinello v. Marinello*, 354 Pa.Super. 471, 512 A.2d 635 (1986), argued
the same day as the instant case, we addressed the same issue
presented herein as it arises when the partition and divorce actions
are filed in different jurisdictions.

3. Appellant filed preliminary objections to appellee's preliminary ob-
jections wnich were also dismissed by the court below in its July 13,
1982 order.

parties' respective property rights as they may be determined in the divorce proceedings.[4] This appeal followed.

 It is a general principle of the law of this Commonwealth that neither spouse may partition entireties property prior to divorce. *Shapiro v. Shapiro*, 424 Pa. 120, 136, 224 A.2d 164, 173 (1966); *Livingston v. Livingston*, 288 Pa.Super. 22, 430 A.2d 1193 (1981). An exception exists where one spouse has wrongfully appropriated entireties property for his or her own use and to the exclusion and detriment of the other spouse. *Shapiro, supra; Stemniski v. Stemniski*, 403 Pa. 38, 169 A.2d 51 (1961); *Berhalter v. Berhalter*, 315 Pa. 225, 173 A. 172 (1934); *Gray v. Gray*, 275 Pa. Super. 131, 418 A.2d 646 (1980); *Vento v. Vento*, 256 Pa.Super. 91, 389 A.2d 615 (1978). Such an appropriation "works a revocation of the estate by the fiction of appropriation's being an offer of an agreement to destroy the estate and an acceptance of that offer when the spouse starts suit; the property is then fit for accounting and division." *Stemniski, supra* 403 Pa. at 42, 169 A.2d at 53. The entireties property subject to partition is then divided equally, *Lindenfelser v. Lindenfelser*, 396 Pa. 530, 534–35, 153 A.2d 901, 905 (1959), with each spouse becoming the sole owner of his or her partitioned share of the property. *Stemniski, supra; Fitzpatrick v. Fitzpatrick*, 181 Pa.Super. 581, 124 A.2d 709 (1956).

 Thus, at least since the Pennsylvania Supreme Court fashioned this exception some fifty years ago in *Berhalter*, a remedy has existed, prior to and separate from the filing of an action in divorce, which allows a spouse who has been excluded from the use and control of entireties property to preserve his or her interest in the misappropriated property. However, the trial court found, and the appellee argues, that pre-divorce partition has been pre-empted or superseded by the broad sweep of the 1980 Divorce Code, as that legislation was enacted to "effectuate economic justice be-

4. As the trial court noted in its opinion written pursuant to Pa. R.A.P. 1925, the Common Pleas Courts of Pennsylvania have been divided as to the issue now before us. Slip op. at 3. *See also* ROUNICK, PENNSYLVANIA MATRIMONIAL PRACTICE § 18:11.1 at 186–87.

tween parties who are divorced or separated," 23 P.S. § 102(a)(6), through the means of equitable distribution of marital property, *id* § 401(d), and that the "Solomon-like approach" of partition is inconsistent with the clear legislative intendment behind the Code. While we certainly agree as to the legislature's general intention when enacting the current divorce provisions,[5] we do not agree with the conclusion[6] drawn by the trial court that the General Assembly abrogated *Berhalter* partitions when it restructured the divorce law of this Commonwealth.

No provision of the Divorce Code expressly prohibits a *Berhalter* partition,[7] and our review of the legislative history has failed to unearth any discussion in the General Assembly prior to the enactment of the Code regarding the effect of a partition action vis-a-vis a subsequent request for equitable distribution. *See generally*, J. Fishman, *The Legislative History of the 1980 Pennsylvania Divorce Law* (Pittsburgh, QSP, Inc., 1981).[8] In addition, the Pennsylvania Supreme Court has not promulgated any rule which would require the pre-emption or supersession of a pre-existing partition action once a request for equitable distribution has been made under 23 P.S. § 401. *See* Pa. R.C.P.

5. See generally, 23 P.S. § 102; see also Gold-Bickin and Rounick, *The New Pennsylvania Divorce Code*, 25 VILL. L.REV. 617 (1979–80).

6. In its conclusion, the trial court stated: "In the interest of judicial economy . . . and in order to effectuate the legislative purposes behind the Divorce Code, partition actions cannot lie once a claim for equitable distribution is raised in a divorce action." Slip op. at 8.

7. Indeed, the only mention of "partition" appears in section 301(a)(1) of the Code which gives the courts jurisdiction to determine and dispose "of property rights and interests between spouses . . . including the partition of property held as tenants by the entireties or otherwise. . . ." As such, if neither party requests equitable distribution under the Code, the court may partition property pursuant to 68 P.S. § 501. *See Shoup v. Shoup*, 469 Pa. 165, 364 A.2d 1319 (1976). The Divorce Code left 68 P.S. § 501 intact. 23 P.S. § 801; *see generally Estep v. Estep*, 326 Pa.Super. 404, 474 A.2d 302 (1984.)

8. There was discussion as to how the courts of this Commonwealth should be directed to distribute marital property under the Code after a divorce decree has been entered, i.e., "equitable" rather than "equal" distribution. Hearings on H.B. 640 Before the Pennsylvania House of Representatives, 1979 Pa. Leg. J. 1958–60; *see also* Rounick, *supra;* § 18:11.1 at 190.

1920.1–.92. Thus, there is no *explicit* supersession under the Divorce Code of *Berhalter* partition actions whenever a subsequent divorce action with a request of equitable distribution is filed.

Lacking a clear directive, the trial court looked to the broadly-written prefatory section of the Code in which the General Assembly expressed its intention in enacting the Code. The trial court specifically cited section 102(a)(6), which provides:

> The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to:
>
> . . . . .
>
> Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.

The courts are instructed to consider section 102(a)(6) when construing the Divorce Code. 23 P.S. § 102(b). As the trial court noted, "economic justice" is effectuated between parties seeking divorce by means of equitable distribution. *Id.* § 401(d).

The above-quoted legislative intention regarding "economic justice" between spouses is not necessarily inconsistent with the purpose behind the judicially-created *Berhalter* partition proceeding, i.e., enjoining the wrongful dissipation of entireties property. Indeed, an action in divorce requesting equitable distribution is one which contemplates the termination of the marital relationship and an equitable settling of the parties' accounts. On the other hand, a *Berhalter* partition addresses not the marital relationship, but rather the right of one spouse to preserve his or her property rights, rights which have become vulnerable by the actions of the other spouse. As such, the court, acting in equity, addresses each spouse's property rights within the continuing marital relationship, and not spousal proper-

ty rights after the termination of that relationship.[9] Given the lack of an ineluctable conflict between the Code and a *Berhalter* partition, and in light of the absence of a specific statutory prohibition against the latter, we do not find that the legislature intended to pre-empt or supersede *Berhalter* partition when it drafted and enacted the current Divorce Code.

In her brief, appellee argues alternatively that whether or not the Divorce Code abrogated this *Berhalter* partition is "irrelevant" because of this court's holding in *Platek v. Platek*, 309 Pa.Super. 16, 454 A.2d 1059 (1982). A proper reading of *Platek* does not support appellee's position. In *Platek*, we held that the trial court erred when it directed partition of certain entireties property despite the fact that *prior to* the partition request, a complaint in divorce had been filed which requested equitable distribution pursuant to the Divorce Code.[10] In *Platek*, the procedural chronology was the reverse of that found in the instant appeal. This difference is important. Despite an extant divorce complaint and a request for equitable distribution, the lower court, following *Vento, supra*, partitioned certain entireties

**9.** One troubling consequence which could ensue if we adopt the trial court's pre-emption theory relates to the spouse who seeks partition but *not* divorce. Such a spouse faces the dilemma of either filing a partition action under *Berhalter v. Berhalter*, 315 Pa. 225, 173 A. 172 (1934), knowing that the action will be dismissed whenever the other spouse files under the Divorce Code, or filing an action in divorce in order to take advantage of the injunctive relief pursuant to sections 401(c) or 403 of the Divorce Code. Thus, the spouse seeking only partition is forced into litigation over the vitality of his or her marriage in order to protect his or her property rights within the marriage.

**10.** Unfortunately, the opinion in *Platek v. Platek*, 309 Pa.Super. 16, 454 A.2d 1059 (1982) does not specifically state that equitable distribution was requested in that case. However, the *Platek* court did quote the lower court, which stated: " 'By her conduct in this case, the wife may have forfeited her right to equitable distribution. . . .' " *Id.*, 309 Pa.Superior Ct. at 21, 454 A.2d at 1061. The equitable distribution section of the Divorce Code operates at the election of either party. 23 P.S. § 401(d) (". . . the court shall upon the request of either party, equitably divide, distribute, or assign the marital property. . ."). Although the *Platek* court was not explicit, we assume that a request under section 401(d) was made in that case. *See Platek, supra*, 309 Pa.Superior Ct. at 24–25, 454 A.2d at 1062–63 (discussion of section 401(d)).

property. This court held that the partition was error, stating:

> It is apparent ... that the court's power to direct a partition of property is qualified by its duty to divide marital property in an equitable way. If the property is *not* marital property, the court may direct its partition. But if it *is* marital property, the court must instead, upon request of either party, direct its equitable division.

*Platek, supra,* 309 Pa.Superior Ct. at 24, 454 A.2d at 1062–63 (emphasis in original). However, that "duty" does not arise until a party *requests* equitable distribution. *See* 23 P.S. § 401(d).

Thus, in *Platek* this court held that when a trial court is presented with a request for equitable distribution under the Divorce Code, the court must first determine what property is subject to equitable distribution, i.e., determine what is marital property. Because a *Berhalter* partition transforms entireties property into separate property,[11] the trial court in *Platek* was effectively removing certain entireties property from the area in which the Code's writ may run. In other words, *at the time the divorce action was filed,* the entireties property which was eventually partitioned was marital property as that term is defined in the Code. *See* 23 P.S. §§ 401(e)–(f). Since a prior request had been made for the equitable distribution of all marital property, and because section 401(d) of the Code *mandates* equitable distribution of all extant marital property once such a request is made, "[i]t was ... the lower court's responsibility to decide upon an equitable division." *Platek, supra,* 309 Pa.Superior Ct. at 24, 454 A.2d at 1063.

■ In the instant case, there being no extant request for equitable distribution pursuant to section 401(d) at the time the partition action was filed, the trial court could have and should have proceeded with the partition action, applying the analysis as initially set forth by our supreme court in *Berhalter* and more recently explained by this court in *Vento.* If the court determines that partition is indeed

11. See discussion *infra* and *Stemniski v. Stemniski,* 403 Pa. 38, 169 A.2d 51 (1961).

appropriate and proper, the property is equally divided between the spouses, who then own their portion of the property separately. The property, having lost its designation as entireties property, is at that point not within the ambit of the marital property section of the Divorce Code. Thus, if the trial court is *subsequently* presented with a request for equitable distribution under section 401(d), the *previously* partitioned property does not become subject to equitable division. It is set aside, with all other separately held property, from the marital property to which the Code does apply.

In the instant case, because pre-divorce partition remains viable despite the passage of the Divorce Code, the trial court was capable of entertaining appellant's partition action.[12] If partition is deemed proper, an order should be entered directing the equal distribution of the misappropriated property, here the $43,680. When the court then addresses the subsequent request for equitable distribution, the money is not marital property by virtue of section 401(e)(4), which excludes from the definition of marital property "[p]roperty acquired after separation until the date of the divorce." *Cf. Hurley v. Hurley*, 342 Pa. Super. 156, 492 A.2d 439 (1985) (In which Judge Wieand noted that a spouse's unliquidated claim for personal injury, which became liquidated after the parties' separation, is not marital property under section 401(e)). Under the circumstances of the instant case, appellant "accepted" appellee's "offer" to end their entireties when he filed the partition action on

12. In his dissent, Judge Brosky suggests that unless partition actions are abated when equitable distribution is sought, injustice in the form of waste or mismanagement of marital property will inevitably result. His proposed solution requires an injunction against such depredations followed by a "pre-distribution or pre-use of marital property until ... property rights are decided in the divorce proceeding." However, the existence of an injunction obviates the necessity for "pre-distribution." Further, distribution cannot, under the Code, be made prior to the divorce, and no procedural or substantive law is cited as authority for the proposed division. Finally, assuming that the limits of equity could be expanded indefinitely, once divided, the property is no longer marital and is no longer subject to a second, "post", distribution.

January 18, 1982. Although a precise date cannot be gleaned from the record, the parties apparently separated sometime in November of 1981. Thus, when entertaining appellee's equitable distribution request, these monies will not be involved.[13]

■ As guidance to the trial courts, we conclude with the following. In situations such as the one found in this appeal where there has not yet been a partition at the time of the equitable distribution, it is clearly the better procedure to consolidate the consideration of both actions before the court presiding over the divorce action. We therefore instruct the courts to follow the consolidation procedure outlined in *Marinello v. Marinello*, 354 Pa.Super. 471, 512 A.2d 635 (E3005/85; filed June 9, 1986). Aside from conserving judicial resources, this approach enables one judge to handle all of the parties' property disputes.

■ In addition, in holding today that pre-divorce, *Berhalter* partition is still viable, we are mindful of the language found in many partition cases to the effect that once partition is found applicable to one unit of entireties property, all

**13.** Judge Wieand, in his concurring and dissenting opinion chides us for "misconceivi[ng] the nature of entireties property." At 653. However, it appears that he is confusing the "nature" of entireties property with the determination of whether or not such property exists.

The decisions of our supreme court and of this court have been consistent in stating that a successful partition action works "to destroy the estate by entirety." *Berhalter v. Berhalter*, 315 Pa. 225, 228, 173 A. 172, 173 (1934) (emphasis added); *see also Stemniski v. Stemniski*, 403 Pa. 38, 42, 169 A.2d 51, 53 (1961); *Livingston v. Livingston*, 288 Pa.Super. 22, 430 A.2d 1193 (1981); *Gray v. Gray*, 275 Pa.Super. 131, 418 A.2d 646 (1980). When the estate has been so destroyed, then the property is equally divided, *Shapiro v. Shapiro*, 424 Pa. 120, 224 A.2d 164 (1966), and the divided property becomes the *separate* property of each spouse. *Stemniski, supra; Lindenfelser v. Lindenfelser*, 383 Pa. 424, 119 A.2d 87 (1956).

Apparently, Judge Wieand would also find that the fictional offer and acceptance which is outlined in these partition cases acts "to destroy the entireties estate." At 651. Oddly, he would also find that this "destruction" will not in any way alter the property's "nature". Our reading of *Berhalter* and its progeny leads us to conclude that once a partition has occurred, the property is no longer marital property but is instead the *separate* property of the parties who are now tenants in common.

entireties property is affected. *See e.g. Shapiro, supra; Stemniski, supra; Watkins v. Watkins,* 393 Pa. 284, 142 A.2d 6 (1958); *Livingston, supra; Gray, supra; Damirgian v. Damirgian,* 262 Pa.Super. 463, 396 A.2d 1263 (1978); *Vento, supra.* However, that language must be read in light of the purpose behind allowing pre-divorce partition. As our supreme court stated in *Watkins, supra* 393 Pa. at 287, 142 A.2d at 8:

> [T]he *Berhalter* rule is not merely designed to afford the injured spouse a recovery of money actually taken. Implicit in the opinion is the conviction that the injured party should not be subjected to the risk of future misappropriation by a spouse who has disregarded the tenancy's fundamental obligation.

In *Watkins,* the parties jointly owned four bank accounts, although only two of the accounts had been misappropriated. In light of the purpose behind the *Berhalter* decision, the court held that "it would be inconsistent with the policy of the *Berhalter* case to require plaintiff to wait until funds also are diverted from the two hitherto unwithdrawn accounts before suing to protect her interest in them." *Id.,* 393 Pa. at 287, 142 A.2d at 9.

In a situation such as the instant case in which a divorce action is filed after a separate partition action, the concern for future misappropriations does not exist. The injured spouse has a remedy in partition as to that property which has been misappropriated, while all other entireties property will be subject to the continuing supervision of the divorce court. As such, if future misappropriations do occur, the injured spouse can seek relief under sections 403(a) [14] and 401(c) [15] of the Divorce Code. *See Lowenschuss v. Selnick,* 324 Pa.Super. 193, 471 A.2d 529 (1984); *Lazovitz v. Lazovitz,* 307 Pa.Super. 341, 453 A.2d 615

---

**14.** Section 403(a) provides:
 Where it appears to the court that a party is about to remove himself or herself or his or her property from the jurisdiction of the court or is about to dispose of, alienate, or encumber property in order to defeat alimony pendente lite, alimony, child and spousal support, or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached as

**15.** See note 15 on page 500.

(1982). Thus a court, sitting as it does in equity when it entertains a partition action, can fashion an equitable solution by limiting its order to those units of entireties property which have been misappropriated as described in *Berhalter* and its progeny. *See Reifschneider v. Reifschneider,* 413 Pa. 342, 196 A.2d 324 (1964). The court should therefore avoid the addressing other entireties property which has not been wrongfully appropriated.[16]

The order of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.

> provided by the Rules of Civil Procedure. The court may also issue a writ of ne exeat to preclude such removal.
> 23 P.S. § 403(a).

**15.** Section 401(c) provides:
> In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.
> *Id.* § 401(c).

**16.** As we noted above, under the particular circumstances of this case, the concern about possible future misappropriations of entireties property is greatly diminished. Thus the policy behind *Berhalter* as expressed by our supreme court in *Watkins v. Watkins,* 393 Pa. 284, 142 A.2d 6 (1958), does not require that "all" entireties property be partitioned.

Indeed, even if the instant circumstances differed and no divorce action had subsequently been filed, we do not believe that appellant would *necessarily* be entitled to the partition of all entireties property upon a finding of the misappropriation of one unit of that property. The language found in the decisions of our supreme court and this court would find all such property somehow affected by the misappropriation of one unit. *See supra* at 649; *see also Fascione v. Fascione,* 272 Pa.Super. 530, 416 A.2d 1023 (1979). However, this language notwithstanding, the supreme court, in *Reifschneider v. Reifschneider,* 413 Pa. 342, 196 A.2d 324 (1964), limited partition to that unit of entireties property which had been misappropriated, while affirming the lower court's refusal to partition entireties property which had been properly used by one party. Our reading of *Reifschneider* in conjunction with these other opinions leads us to conclude that whenever a request is made under *Berhalter* for the partition of all entireties property, the court, upon finding misappropriation of some

WIEAND, J., filed a concurring and dissenting opinion, joined by McEWEN and ROWLEY, JJ.

BROSKY, J., files a dissenting opinion.

SPAETH, President Judge, did not participate in the consideration or decision of this case.

WIEAND, Judge, concurring and dissenting:

The majority holds that a pending action in equity to partition property owned by husband and wife as tenants by the entireties is not superseded or preempted by a subsequent action in divorce brought by one of the spouses and containing a request for equitable distribution of marital property. For reasons hereinafter appearing, I agree with the majority's holding. However, I disagree with the majority's further conclusion that after entireties property has been partitioned between the spouses, it loses its status as "marital property" and is no longer subject to equitable distribution under Section 401(d) of the Divorce Code of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 401(d).

Jerome Goldstein and Helene Goldstein were married on August 27, 1972. In November, 1981, prior to separation, Helene Goldstein withdrew approximately $43,680 from a joint savings account. Alleging a wrongful misappropriation of entireties property, Jerome Goldstein filed an action in equity asking for partition of the joint account and all other property owned jointly by him and his wife. On March 2, 1982, Helene Goldstein filed preliminary objections in the nature of a motion to dismiss the complaint on grounds that she had filed an action for divorce and that "[t]he Divorce Code of 1980 ha[d] superseded and preempted all other property related remedies between the parties." The trial court agreed and dismissed the complaint in equity for partition.

The general rule is that neither spouse may partition entireties property prior to divorce. *Shapiro v. Shapiro,*

of the property, is still free to fashion a partition which reaches the most equitable result under the circumstances.

424 Pa. 120, 136, 224 A.2d 164, 173 (1966); *Gray v. Gray,* 275 Pa.Super. 131, 133, 418 A.2d 646, 648 (1980). An exception exists, however, where one spouse has appropriated entireties property for his or her own use. In that situation, the misappropriation is deemed an "offer" of an agreement to destroy the entireties estate which is "accepted" when the innocent spouse commences an action in partition. *Stemniski v. Stemniski,* 403 Pa. 38, 42, 169 A.2d 51, 53 (1961); *Gray v. Gray, supra; Vento v. Vento,* 256 Pa.Super. 91, 94, 389 A.2d 615, 617 (1978). This fictional offer and acceptance is triggered when an appropriation of entireties property is made by one spouse for his or her own use to the detriment of the other. *Livingston v. Livingston,* 288 Pa.Super. 22, 27, 430 A.2d 1193, 1196 (1981). All entireties property then becomes subject to partition, not only the property which has been misappropriated. *Gray v. Gray, supra.*

When entireties property has been misappropriated by one of the spouses, an action of partition is appropriate irrespective of whether the parties are subsequently divorced. A reading of the Divorce Code of 1980 does not disclose an express direction by the legislature that an action for partition of entireties property shall be superseded or preempted by a subsequent divorce action which contains a request for equitable distribution of marital property. Similarly, there is no Supreme Court rule which requires such a result. Can it nevertheless be said that the two proceedings, i.e., partition and equitable distribution in divorce, are so irreconcilably inconsistent that the legislatively created right of equitable distribution, by necessary implication, was intended to supersede the right of action for partition of entireties property? I think not.

The two actions are separate and distinct. They are not necessarily in conflict. There is no absolute need invariably to delay an action to partition entireties property until the same or another court gets around to distributing marital property in what may well be a protracted divorce action. On the other side of the marital coin, however, I would hold that a decree partitioning property owned by the entireties

does not affect the right of either spouse to obtain equitable distribution of marital property under the Divorce Code. Although partition proceedings may result in an equal division of entireties property, the property so divided remains marital property and continues to be subject to the power of a divorce court to decree equitable distribution.[1]

To hold that an action to partition entireties property is invariably subject to dismissal whenever a divorce action is thereafter commenced would have unfortunate consequences. In the first place, it would vest in the misappropriating spouse the power to delay relief otherwise available by partition to the non-appropriating spouse. By the expedient of filing an action in divorce, which the misappropriating spouse may or may not pursue and may or may not be able to prosecute successfully, the misappropriating spouse can impair substantially the right of the non-appropriating spouse to prompt relief which is available in the partition action. The misappropriating spouse may in this manner be able to deprive the nonappropriating spouse of the use of his or her interest in entireties property during the entire pendency of a divorce action. Equitable distribution of marital property, we have held, cannot take place until a decree in divorce has been entered. See: *Drumheller v. Marcello*, 351 Pa.Super. 139, 505 A.2d 305 (1986); *Laxton v. Laxton*, 345 Pa.Super. 450, 498 A.2d 909 (1985); *Dech v. Dech*, 342 Pa.Super. 17, 492 A.2d 41 (1985). Where there is delay in decreeing equitable distribution for several years—a not unusual phenomena in cases which have ultimately arrived before this Court—substantial prejudice to the non-appropriating spouse is more than an unlikely possibility.

Appellee's reliance upon the decision in *Platek v. Platek*, 309 Pa.Super. 16, 454 A.2d 1059 (1982), as the majority has observed, is misplaced. The *Platek* court held merely that a divorce court which has been requested to make equitable distribution of marital property does not fulfill its responsi-

1. The means to protect against a spouse's dissipation of partitioned entireties property is provided by Sections 403(a) and 403(d) of the Divorce Code (23 Pa.C.S. § 403(a) and (d)).

bility to decree equitable distribution by ordering partition of entireties property. The decision did not purport to do away with or supersede procedurally an action to partition entireties property in all instances where an action for divorce and equitable distribution of marital property is subsequently commenced. Indeed, it is questionable whether an intermediate appellate court has the power to decree such a result in view of the present state of the law, both substantive and procedural, in this Commonwealth.

The majority's position that partitioned entireties property "is not marital property by virtue of section 401(e)(4), which excludes from the definition of marital property '[p]roperty acquired after separation ...' " [2] misconceives the nature of entireties property.

> A tenancy by the entireties is an estate "per tout et non per my." *Maxwell v. Saylor*, 359 Pa. 94, 96, 58 A.2d 355, 356 (1948). "The incidents of such an estate are unity of interest, title, time and possession...." *Berhalter v. Berhalter*, 315 Pa. 225, 227, 173 A. 172, 173 (1934). Each spouse has title to the whole of the property and not to any share or divisible part thereof. *Zipperlein Estate*, 367 Pa. 622, 624, 80 A.2d 817, 818 (1951); *Gallagher Estate*, 352 Pa. 476, 478, 43 A.2d 132, 133 (1945).

*Werner v. Quality Service Oil Co., Inc.*, 337 Pa.Super. 264, 270, 486 A.2d 1009, 1012 (1984). The nature of a tenancy by the entireties can be understood by visualizing two persons holding a pole, one person on either end. Each person holds the entire pole, but jointly with the spouse holding the other end of the pole. If the pole is partitioned by severing the pole into two equal parts, neither person acquires anything which he or she did not have before the severence took place. The parties merely hold by themselves one-half of the whole which they previously held together. It cannot be said under such circumstances that either party has "acquired" new or additional property.

I would hold that after a decree in partition has been entered, the two equal parts owned by the spouses continue

2. At p. 649.

nevertheless to be "marital property." These equal parts may be further divided or distributed by a divorce court which is called upon to make equitable distribution of marital property between the parties.

If a divorce court determines that an undetermined partition proceeding will impair the court's ability to make an equitable distribution of marital property, the court is not powerless to act. Section 401(c) of the Divorce Code[3] authorizes a divorce court to "issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act." This power may be used, if necessary, to stay a partition action pending in the same court or to enjoin the prosecution of a partition action in another jurisdiction. Moreover, there seems to be no reason why a partition action pending in the same court should not, where appropriate, be consolidated into the divorce action. Section 301(a)(1) of the Divorce Code[4] specifically vests in a matrimonial court the power to partition property held as tenants by the entireties.

There can be no question, therefore, that a divorce court possesses the means to insure that it will be able to perform its responsibility of effecting equitable distribution of marital property as directed by the Divorce Code. These means, available when necessary in the discretion of the divorce court, are more elastic and, therefore, preferable to an inelastic rule which either (1) requires an automatic dismissal of a partition action whenever a divorce action is subsequently brought, or (2) permits the partition action to be used as a device to avoid a decree of equitable distribution pursuant to the provisions of the Divorce Code.

I would reverse the order dismissing the partition action and remand for further proceedings consistent with this opinion.

ROWLEY and McEWEN, JJ., join this opinion.

3. 23 P.S. § 401(c).
4. 23 P.S. § 301(a)(1)

BROSKY, Judge, dissenting:

I dissent. The majority opinion sets up a competing alternative to equitable distribution that is both unwise on policy grounds and contrary to the Legislature's intent in enacting the Divorce Code. I would hold, first, that the initiation of a divorce action acts to abate or stay a pending partition action. Second, I would hold that a temporary pre-distribution could protect the property from the sort of waste that partition is designed to prevent.

In holding that a partition action is not abated by a subsequent divorce proceeding, the majority has set the stage for the Divorce Code to be by-passed in a number of cases. In any case of marital discord in which it appears probable that one party will receive less than half of the marital property held in tenancy by the entireties, that party's counsel would, now, be well-advised to file an action in partition, alleging waste, before the other party initiates a divorce action. The Divorce Code's equitable distribution provisions were meant to be the vehicle by which marital property was divided; not an alternate method, to be by-passed if tactics so indicate.[1]

The issue presently before this Court is whether the commencement of an action under the Divorce Code seeking the equitable distribution of marital property acts to abate a previously-instituted partition proceeding. Only one case exists which is directly on point (i.e., where the partition action was instituted *prior* to the divorce action), *Daniels v. Daniels*, 19 Pa. D & C 3d 36 (Berks 1981). There, the court

1. Short of holding that the partition is not abated, the majority would, I think, also have done better to hold that the property can be partitioned but is also subsequently subject to equitable distribution. This option has been advanced in Judge Wieand's concurring and dissenting opinion. There is one major problem with this approach: the partition of the property would necessarily result in each party receiving 50% of the proceeds. This would not necessarily reflect the equities of the situation which, of course, a pre-distribution could accomplish by suiting the division to the circumstances of each particular case. See note 7, infra. Therefore, as I will indicate, in my view the best of the three options is to hold that the partition action is abated; the property is subject to pre-distribution to prevent waste; and is then subject to full equitable distribution after the divorce.

held that a partition action was not preempted by a claim for equitable distribution in a subsequent divorce action. The rationale of the court mirrored that of appellant in this case. Specifically, the court stated that it was important to keep the integrity of a partition action intact. The court noted that while a partition action seeks to remedy wrongful appropriation of jointly held property, equitable distribution of marital property under the Divorce Code was not concerned with "wrongdoing" per se. 23 Pa.C.S. § 401(d). In addition, the court held that the partition action did not defeat a spouse's rights to equitable distribution because the partitioned property would still be considered "marital property" subject to later equitable distribution. Lastly, the court noted that a spouse always had the protection of §§ 403(a) and 403(d)[2] to prevent the dissipation of the partitioned marital property.

In all other cases which have addressed this basic issue—the interrelationship of a partition action and an action under the Divorce Code—it has been held that a subsequently filed partition proceeding is preempted by the equitable distribution provisions of the Divorce Code. In *Platek v. Platek,* 309 Pa.Super 16, 454 A.2d 1059 (1982), after determining that certain tort settlement proceeds constituted "marital" property, we held that the

> court's power to direct a partition of property is qualified by its duty to divide marital property in an equitable way. If the property is not marital property, the court may

**2.** 23 Pa.C.S. §§ 403(a) & (d):

(a) Where it appears to the court that a party is about to remove himself or herself or his or her property from the jurisdiction of the court or is about to dispose of, alienate, or encumber property in order to defeat alimony pendente lite, alimony, child and spousal support, or similar award, an injunction may issue to prevent such removal or disposition and such property may be attached as provided by the Rules of Civil Procedure. The court may also issue a writ of ne exeat to preclude such removal.

. . . .

(d) Any encumbrance or disposition of property to third persons who had notice of the pendency of the matrimonial action or who paid wholly inadequate consideration for such property may be deemed fraudulent and declared null and void.

direct its partition. But if it is marital property, the court must instead, upon request of either party, direct its equitable division.

*Id.*, 309 Pa.Superior Ct. at 24, 454 A.2d at 1062.

In *Strock v. Strock*, 22 Pa. D & C 3d 118 (Northampton 1982), the court, in holding that a partition action was superseded by the equitable distribution provisions of the Divorce Code, quoted language from *Ferri v. Ferri*, 129 P.L.J. 449 (1981) that the court would not entertain actions whose only function would be a "temporary redistribution" of the spouses' marital property because that property would eventually be subject to redistribution under the provisions of the Divorce Code.

In finding support for its holding that the equitable distribution provisions would take precedence over the partition action, the *Ferri* court further stressed that

[e]ven a cursory examination of the extensive legislative history of the new Divorce Code yields the conclusion that the provisions made for equitable distribution of marital property and alimony are *the bedrock upon which is founded the much-needed legal advancement which this act represents* ... (Emphasis added).

129 P.L.J. at 450.

Consonant with the belief of the *Ferri* court as to the prominence of the equitable distribution provisions in the scheme of the new Divorce Code is an article written by Jack A. Rounick and Lynne Z. Gold-Biken[3] which states that "the equitable distribution provisions, in conjunction with the alimony provisions, represent a giant step toward economic justice and financial independence for divorced spouses."[4] The authors believe that the act should be liberally construed "so that the progressive notions of modern-day family life, which are fundamental policies of the code, will be furthered."[5]

3. 25 Vill.L.Rev. 617 (1980).
4. *Id.* at 627.
5. *Id.* at 661.

Lastly, and by way of analogy, the court in *Kramer v. Kramer*, 110 Montg. Co. L.R. 135 (1982), held that once a divorce action had been filed under the 1980 Divorce Code, an action in replevin could no longer lie against a spouse, even for the possession of allegedly separate property.

I turn next to the relevant statutory provisions of the new Divorce Code. Substantial equitable powers have been vested in the courts in order to effectuate the goals of the new code as exemplified by 23 Pa.C.S. § 401(c), which provides:

> In all matrimonial cases, the court shall have *full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require* against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause. (Emphasis added)

Section 401(c) was structured to "effectuate the purposes" of the Divorce Code, and these purposes are found in 23 Pa.C.S. § 102. Specifically relevant for our purposes are §§ 102(a)(6) and 102(b). It is the policy of the Commonwealth in § 102(a)(6) to "effectuate economic justice between parties who are divorced or separated ... and insure a fair and just determination and settlement of their property rights." Section 102(b) further provides that "[t]he objectives set forth in subsection (a) shall be considered in construing provisions of this act and shall be regarded as expressing the legislative intent." It is evident from these provisions alone that the express language of the statute is sufficient to justify a preemption of the partition action once an action under the Divorce Code has been instituted. I am, therefore, led to the conclusion that a partition action must be abated when an action is subsequently filed under the Divorce Code which seeks equitable distribution of the marital property.

Appellant, however, contends that if he is not permitted some present remedy, he could possibly lose the use of his property for as long as three years, should he choose to contest the divorce.[6] The inequity of such a consequence is clear in cases, such as the present case, where the property in question consists of money held in a savings account. To allow such a result to occur clearly would not work to effectuate the "economic justice" contemplated by the code. 23 Pa.C.S. § 102(a)(6).

But even if appellant could not proceed with his partition action, he would not be left without relief under the Divorce Code. I would look to the broad equitable powers found in §§ 401 and 403 to provide relief. The proper remedy in the present case would be both to enjoin any waste or misappropriation of the marital property and to effectuate some type of pre-distribution or pre-use of the marital property by each of the spouses until their respective property rights are decided in the divorce proceeding.

The exercise of the broad equitable powers vested in the courts can be seen repeatedly in cases decided since the new code was enacted. For example, in *Semasek v. Semasek,* 331 Pa.Super. 1, 479 A.2d 1047 (1984), when a wife withdrew over $75,000 from a joint bank account and then contended that it should not be part of the valuation of the "marital estate," we held that the intentional dissipation of marital assets by one spouse did not preclude its status as marital property in equitable distribution. Citing 23 Pa.C.S. § 401(c), this court then stated that it was the duty of the court to "issue other orders which are necessary to protect the interests of the parties and may grant such other relief

6. Judge Wieand's concurring and dissenting opinion in this case is also of this view. "This misappropriating spouse may in this manner be able to deprive the non-appropriating spouse of the use of his or her interest in entireties property during the entire pendency of a divorce action." The cases cited in that concurring and dissenting opinion do not, as I read them, stand for the proposition that an interim, pre-distribution of property cannot be ordered. Even if they did, I would propose that this en banc court overrule them within the context presented here.

or remedy as equity and justice require...." *Id.,* 331 Pa.Superior Ct. at 9, 479 A.2d at 1051.

In *Lazovitz v. Lazovitz,* 307 Pa.Super. 341, 453 A.2d 615 (1982), this court issued a preliminary injunction restraining a husband from proceeding with a Florida divorce action and from removing from Pennsylvania any assets jointly owned with his wife or in which his wife had a marital interest. In so doing, we held that the injunctive powers of 23 Pa.C.S. § 403(a) could be invoked to protect a party's right to equitable distribution of property, even though this was not specifically enunciated in the statute. (See, *supra,* note 2).

In *Kramer,* cited previously, the "marital residence" per se ceased to exist and the court therefore concluded that it could not order that marital property be returned to it. Nevertheless, the court stated that "[w]hen the marital home as such no longer exists, furnishing and household goods must be tentatively divided between the parties, with each receiving items of comparable quality and use with which to establish separate households." In this instance the court did in fact effectuate a type of pre-distribution of the marital property.

One more comment needs to be made about the court's equity powers. Some trial courts have narrowly construed their power and have required the traditional showing of irreparable harm. They have reasoned that if there are sufficient fixed marital assets (real estate, for example) to compensate a spouse ultimately for the property appropriated by the other spouse, such appropriation will not give rise to an injunction. This needs to be changed as economic justice can and is certainly denied where one spouse "steals" all of the liquid assets and dissipates them while the other spouse is told by the court to eat the house. The trial court needs to exercise its equity powers more sweepingly to maintain the status quo and to protect against waste by either party where a divorce action is pending. If that is done, no harm will come from the preemption of the partition action since protection of the asset can be provided

by interim equity orders, and the property will be available for later equitable distribution in accordance with the factors in the Code and ultimate fairness to the parties.

Once it becomes known to members of the family bar that partitioned property is removed from the "marital estate" and is not subject to equitable distribution, this must influence the advice they give their clients. The result of holding that no preemption occurs—that the trial court should have proceeded with the partition action—is the following chaotic scenario.

Let us imagine a situation where there exists a marital bank account with $50,000 in it. It is the major marital asset. The husband consults his lawyer who advises him to take the money from the account and invite a partition action. He offers this advice because he knows that if the matter goes to equitable distribution the facts would certainly support an equitable distribution of at least 80% of the fund to the wife. Partition will yield only 50%. The wife's lawyer is perplexed. If he does not partition, the husband may spend all of the money and no immediate remedy will be available to halt the dissipation. On the other hand, if he files a partition action, his client will be awarded only 50%. Finally, if he files a divorce action (which may occur in a case where the wife does not want a divorce) to invoke the equity powers, the majority would compel that the court proceed with the partition notwithstanding the existence of a subsequent divorce action. This result would certainly not help do "economic" justice in divorce situations. In fact, it would simply encourage clever tactics to instigate a partition action to the detriment of the dependent spouse. Further, it must be recalled if the wife, who does not want a divorce, is forced to file an action to beat her husband to the courthouse, the court has encouraged divorce instead of reconciliation.

I respectfully submit that the action of partition, being in derrogation of the commands of the Divorce Code to equitably distribute and do economic justice, must not be capable of abuse by clever litigants. In those cases where a divorce

action is not filed before or after partition, then the court should partition if the plaintiff meets the burden of proof under *Vento* and its progeny. However, where a party has filed a divorce action in response to a partition action and has required equitable distribution, the partition action should be stayed and the court's considerable equitable powers should be exercised to prohibit dissipation and to maintain the status quo, thus protecting the asset to be partitioned.

Accordingly, I would conclude that while a partition action is the proper remedy when one spouse has wrongfully appropriated jointly owned property to the detriment of the other spouse, this action is preempted by a subsequent action seeking equitable distribution under the Divorce Code. The broad equitable powers granted under the Divorce Code are more than adequate to protect appellant's interest in this case, and thus no compelling reason exists to permit the partition action to proceed. As I would decide this case, appellant could then seek judicial intervention pursuant to the equitable powers of the Divorce Code in order to effectuate an equitable pre-distribution of the savings account until the parties' property rights are definitively settled in the divorce proceeding.

I would affirm.