**In re Mary Jo MARTIN, Debtor.**

**No. 5–99–03532.**

United States Bankruptcy Court, M.D. Pennsylvania.

June 29, 2001.

---

Kimberly D. Martin, Esquire, Honesdale, PA, for Debtor.

David M. Gregory, Esquire, Honesdale, PA, for Dime Bank.

Mark J. Conway, Esquire, Scranton, PA, Trustee in Bankruptcy.

### *OPINION*

JOHN J. THOMAS, Bankruptcy Judge.

The facts needed to dispose of this objection to exemptions have been presented to me by way of Stipulation of Facts (Doc. # 28). They are as follows. The Debtor, Mary Jo Martin, was married to Daniel E. Martin, Sr., her non-filing spouse. Together they owned, as tenants by the entireties, property situate at 722 Maple Avenue, Honesdale, Pennsylvania. On September 15, 1999, the Debtor and Daniel Martin entered into a property settlement agreement. The agreement, which was orally presented to the state court hearing master, provided that their jointly owned home would be conveyed into the sole ownership of Mary Jo Martin. The agreement further provided that Mr. Martin would execute the deed "at the earliest possible convenience." A copy of the transcript of that agreement is attached to the Objection of Dime Bank to Debtor's Exemption. (Doc. # 15.)

The Deed was executed by the Debtor on September 23, 1999 but not signed by her husband, Daniel, until October 21, 1999, as evidenced by the notarizations on the deed, a copy of which is attached to the Trustee's Objection. (Doc. # 13.)

On October 13, 1999, the Debtor filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code. It was not until December 21, 1999 that Mary Jo Martin and her husband, Daniel E. Martin, Sr., were divorced by the Wayne County Court and the stipulation between the parties, dated September 15, 1999 was approved.

Schedule C of the Debtor's bankruptcy schedules reflects the Debtor's intention to elect the state exemptions under 11 U.S.C. § 522(b)(2)(B). Presumably, the Debtor has chosen to utilize the state entireties exemption to protect her property from the claims of her individual creditors. Under Pennsylvania law, the entireties assets are not subject to the debts of one spouse. 15 Summ PA Jur.2d Family Law § 3:24 (1994).

In objecting to the exemption claim of the Debtor, Mark J. Conway, the Trustee, as well as The Dime Bank, a creditor, both hereinafter "Objectors," have noted that the Debtor came into the sole ownership of the property within 180 days after the bankruptcy filing by reason of a property settlement and/or the divorce decree thus implicating 11 U.S.C. § 541(a)(5)(b) [1]. That section calls into the estate such property that is acquired by reason of a property settlement or divorce. It is called the "clawback provision." *United States of America v. Gold (In re Avis)*, 178 F.3d 718 (4th Cir.1999). In support of that position, the Objectors rely on *Cordova v. Mayer (In re Cordova)*, 73 F.3d 38, 39 (4th Cir.1996), the only case that appears to have addressed this specific issue. Notwithstanding the debtor's original selection of entireties property as exempt, upon the divorce, the *Cordova* court called the exempted property back into the estate under § 541(a)(5). Respectfully, I have serious reservations of the correctness of that decision.

■ In this case, the Debtor's decision to exempt her entireties property calls into play several significant concepts.

■ First, exemptions are generally construed broadly in favor of the debtor. *In re Barker*, 768 F.2d 191, 196 (7th Cir. 1985); *Hyman v. Stern*, 43 F.2d 666, 668 (4th Cir.1930); *In re Gerber*, 186 F. 693, 693 (9th Cir.1911); *In re Andreotti*, 16 B.R. 28, 32 (Bankr.E.D.Cal.1981).

■ With regard to the scope of the entireties interest, it has been often-times stated that property interests in bankruptcy are determined under state law.[2] *In re*

1. § 541. Property of the estate.
   (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
   (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
   (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree;

2. "Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving 'a windfall merely by reason of the happenstance of bankruptcy.' *Lewis v. Manufacturers National Bank*, 364 U.S. 603, 609, 81 S.Ct. 347, 350, 5 L.Ed.2d 323." *Butner v.*

*Jason Realty,* 59 F.3d 423, 427 (3d Cir. 1995) ("A federal court in bankruptcy is not allowed to upend the property law of the state in which it sits, for to do so would encourage forum shopping ..."); *Commerce Bank v. Mountain View Village, Inc.,* 5 F.3d 34, 36 (3d Cir.1993). Tenancy by the entireties is based on the common law concept that husband and wife are but one legal entity with each spouse seised of the whole of the property, not divisible. *Clingerman v. Sadowski,* 513 Pa. 179, 183, 519 A.2d 378, 380 (1986). Tenancy by the entireties is an ancient form of property ownership, well understood in Pennsylvania and recognized as a "valid and desirable method of holding property between husband and wife." *Madden v. Gosztonyi Savings & Trust Co.,* 331 Pa. 476, 483, 200 A. 624, 628 (1938). Its purpose has been said "to protect the family." Chester Smith, Real Property Survey, at 119 (1956). "There is but one estate, and, in contemplation of law, it is held by but one person." *Gasner v. Pierce,* 286 Pa. 529, 134 A. 494 (1926) (quoting from Corpus Juris). It is a type of joint estate best described by analogy in *Goldstein v. Goldstein,* 354 Pa.Super. 490, 493, 512 A.2d 644, 646 (1986), as follows:

> The nature of a tenancy by the entireties can be understood by visualizing two persons holding a pole, one person on either end. Each person holds the entire pole, but jointly with the spouse holding the other end of the pole. If the pole is partitioned by severing the pole into two equal parts, neither person acquires anything which he or she did not have before the severance took place. The parties merely hold by themselves one-half of the whole which they previously held together. It cannot be said under such circumstances that either party has "acquired" new or additional property.

*Id.,* 512 A.2d at 653.

Similarly, if one person lets go of the pole, the other party cannot be said to have acquired any additional property.

Returning to the facts at issue, it is apparent that the Debtor held legal title as a tenant by the entirety in the whole property at the time of the bankruptcy filing. There was nothing to "clawback" into the estate. The Debtor elected to exempt this property.

Logically, the *Cordova* case accurately observes that the interest of two people in the property has been altered by the subsequent transfer of the property. The application of § 541(a)(5) would unquestionably be supportable had the Debtor been the owner of the property as a joint tenant with an undivided *share* of the whole or a tenant in common owning the whole of an undivided *fraction.* Tenants by the entirety, however, are but one person in law. See generally, 1 Ladner on Conveyancing in Pennsylvania §§ 1.06–1.08 (4th ed. rev. 2001). "The whole estate continues in the [remaining tenant] the same as it would continue in a corporation after the death of one of the corporators." *Id.* at § 1.08, p. 17.

■ The aforecited case of *In re Cordova* dismisses the exemption argument suggesting that postpetition changes in the character of the property interest "may" render nugatory the option selected by the debtor, and denouncing the debtor's position that subsequent events "never" affect the applicability of exemptions. *In re Cordova,* 73 F.3d at 40–41. The fact that generalizations have exceptions lends no support to the cold, hard truism that wide latitude is given to a Debtor in the selection of exemptions. "The majority of

*United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

courts ... hold that a postpetition change in the character of property properly claimed as exempt will not change the status of that property, relying on the principle that once property is exempt, it is exempt forever and nothing occurring postpetition can change that fact." (Citations omitted.) *In re Reed,* 184 B.R. 733, 737 (Bankr.W.D.Tex.1995). Controlling authority schools that exemptions are determined as of the date of filing. *Owen v. Owen,* 500 U.S. 305, 314 n. 6, 111 S.Ct. 1833, 1838 n. 6, 114 L.Ed.2d 350 (1991); *White v. Stump,* 266 U.S. 310, 313, 45 S.Ct. 103, 104, 69 L.Ed. 301 (1924). See also, *In re Peterson,* 897 F.2d 935, 937 (8th Cir. 1990).

*Cordova* also relies on the conclusion that a postpetition termination of the entireties estate by divorce created a new *interest* in the property as that term is used in § 541(a)(5)(b). While this basic premise is true, it ignores the primacy of state determinations of property interests *vis á vis* the bankruptcy filing. At the time of filing, the Debtor owned the real estate as a tenant by the entirety and elected to exempt that property. As indicated, that interest was created and defined "in accordance with the law of the situs of the real estate." *In re Jason Realty,* 59 F.3d 423, 427 (3d Cir.1995). Merely converting that interest into a fee simple non-entireties interest in the real estate cannot render the real estate non-exempt without doing violence to the entireties concept that each spouse is an indivisible owner of the whole parcel.

More important, § 522(b) unequivocally asserts that *"[n]otwithstanding section 541 of this title,* an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph(2) [§ 522(b)(2) ] of this subsection." (Emphasis mine). The plain language of the statute stating, in effect, that § 522 trumps § 541, appears dispositive of this case. *BancOhio National Bank v. Walters,* 724 F.2d 1081, 1083 (4th Cir.1984) ("the exemption provisions ... [are] dominant over the after-acquired inclusion provision of § 541").

Furthermore, § 522(c) of the Bankruptcy Code states, with certain exceptions not applicable here, that "[u]nless the case is dismissed, property exempted under this section is not liable *during or after* the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case." (Emphasis mine).

The following summary points this Court toward deciding this case in favor of the Debtor. The entire interest in the real estate, as defined by state law, was included as an exemption. *Butner v. United States, supra* at n. 2. Exemption schedules are interpreted liberally in favor of the debtor. *In re Christo,* 228 B.R. 48, 50 (1st Cir. BAP 1999), *In re Cole,* 93 B.R. 707, 709 (9th Cir. BAP 1988); *In re Snyder,* 206 B.R. 347, 348 (Bankr.M.D.Pa.1996); *In re Kaplan,* 162 B.R. 684 (Bkrtcy.E.D.Pa. 1993). Exemptions are determined as of the date of filing the bankruptcy. *Owen v. Owen, supra.* Exempt property is not liable for prepetition debt by statute. 11 U.S.C. § 522(c). Finally, as indicated, the exemption section of the code trumps that section describing the parameters of property of the estate. 11 U.S.C. § 522(b).

As a postscript, I make no finding as to the good faith of the Debtor's filing, but I do invite a comparison of the facts in this case to those present in *In re Tamecki,* 229 F.3d 205 (3d Cir.2000). Inasmuch as no challenge has been made to the "good faith" of the Debtor, I need not, sua sponte, address this issue. *Id.* at 207 n. 2.

An Order will follow.

## ORDER

For those reasons indicated in the Opinion filed this date, the Objections of the Trustee and The Dime Bank are hereby overruled.