JAMES DICKSON PHILLIPS, Circuit Judge:
 

 BancOhio National Bank (BancOhio) appeals an order of the district court affirming the decision of the bankruptcy court overruling BancOhio’s objections to the claim of the debtor, Homer G. Walters, that
 
 *1082
 
 insurance proceeds are exempt property under the provisions of 11 U.S.C. § 522(d)(7) of the Bankruptcy Code. Finding no error, we affirm.
 

 I
 

 The debtors, Homer G. Walters, and his wife, Evolene Walters, filed a voluntary joint bankruptcy petition on October 24, 1980, seeking adjustment of their debts pursuant to the provisions of Chapter 13 of the Bankruptcy Code. As filed, the original joint petition failed to disclose the Walters’ interest in numerous insurance policies, eleven of which insured the life of Samuel H. Walters, the debtors’ son. Seven days after the filing of the original petition, Samuel H. Walters died.
 

 Following the son’s death, the debtors amended their joint petition listing the insurance policies as additional property owned by Homer Walters. Simultaneously, Homer Walters claimed each of the eleven insurance policies insuring the life of his son as exempt property pursuant to the provisions of 11 U.S.C. § 522(d)(7) of the Bankruptcy Code which exempts from all claims of creditors “any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.”
 

 As owner and beneficiary of the insurance policies, Homer Walters was paid proceeds of approximately $140,380. BancOhio filed objections to the claimed exemption of the proceeds.
 

 As a result of a hearing held on the objections to the claimed exemption of proceeds, the bankruptcy court overruled Bane-Ohio’s objections finding the proceeds to be exempt under § 522(d)(7) of the Bankruptcy Code.
 

 The district court affirmed the ruling of the bankruptcy court, 14 B.R. 92, incorporating by reference that court’s opinion. This appeal followed.
 

 II
 

 On appeal, the appellant argues that 11 U.S.C. § 541(a)(5) requires that proceeds of life insurance policies paid to a bankrupt-beneficiary within 180 days of his filing of the bankruptcy petition be included in the estate as after-acquired property, notwithstanding the exemption provided by § 522(d)(7). We disagree.
 

 We are faced with construing arguably conflicting provisions of the Bankruptcy Code, one defining what property is to be included in the bankrupt’s estate and the other listing property to be exempted from the estate, and thus, to be free from the claims of creditors. Section 541(a) provides, in relevant part, that:
 

 The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of the following property, wherever located:
 

 (5) An interest in property that would have been property of the estate if such interest had been an interest of the debt- or on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date-—
 

 (C) as beneficiary of a life insurance policy or death benefit plan.
 

 Arguably, this language would bring into the estate insurance proceeds flowing from a policy which matures within 180 days after filing the bankruptcy petition. So, the appellant contends, it should be construed. However, the above provision must be read in conjunction with the exemption provisions of § 522 which provide:
 

 (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . ..
 

 property that is specified under subsection (d) of this section . ..
 

 (7) any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.
 

 We believe the conflict between the two provisions is more apparent than real, and that resolution of any apparent conflict
 
 *1083
 
 can be found in the total statutory scheme within which the critical provisions appear. We read the language of § 522(b) which provides that “[notwithstanding section 541” a debtor may elect any of the applicable exemptions provided by § 522, to make the exemption provisions of § 522(d)(7) dominant over the after-acquired inclusion provision of § 541 on which appellant relies.
 

 On this basis we agree with the bankruptcy court and the district court that the debtor here might properly elect the § 522(d)(7) exemption covering “any unma-tured life insurance contract owned by the debtor ...” to exempt the proceeds of the policies in issue. The proceeds derived from such policies “owned by the debtor and claimed by him as exempt ... flow as an incident of ownership of the contract to the debtor rather than to the estate.”
 
 In re Walters,
 
 14 B.R. 92, 94, 5 C.B.C.2d 99, 102 (Bkrtcy.S.D.W.Va.1981). We are satisfied that this result does not offend the operation of § 541(a)(5) since proceeds from like insurance policies
 
 not
 
 owned by the debtor would be included in the estate. As the bankruptcy court stated, if the debtor fulfills his contractual obligations, payment of premiums, he should not be denied the benefits of the contractual relationship. In this sense, proceeds do not represent a windfall, as they would in the case where the debtor does not own or pay premiums on the policies.
 
 Id.
 

 We believe this reasoning is consistent with a proper construction of the provisions and find no error in the district court’s affirmance of the bankruptcy court’s decision.
 

 AFFIRMED.