**In re Robert Stewart ALDERTON, Debtor.**

**Bankruptcy No. 93–50194–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

March 8, 1995.

William Orlow, Bloomfield Hills, MI, for debtor.

Lauren Hammett, Fischer, Franklin & Ford, Ann Arbor, MI, for creditor.

## OPINION AND ORDER

STEVEN W. RHODES, Bankruptcy Judge.

This matter is before the Court on the objection of Four Seasons Solar Products Corp. ("Four Seasons") to the debtor's claim of exemption. The two issues before the Court are whether the creditor's objection was timely filed under Rule 4003(b) and whether the debtor's property held as tenants by the entirety loses its exempt status because the debtor's spouse died after the petition was filed but during the pendency of the case. The parties have waived oral argu-

ment. The Court holds that the creditor's objection to exemption was not timely filed and that the entireties exemption remains valid.

## I.

The debtor filed for chapter 7 relief on September 21, 1993. He listed his personal residence as exempt because it was held with his wife as tenants by the entirety. The debtor's wife died on December 7, 1993. On January 27, 1994, the Final Decree was issued closing the bankruptcy case.

Four Seasons was not initially listed as a creditor and was not made aware of the bankruptcy until approximately April, 1994, after the case was closed. The debtor filed a petition to reopen the case to add Four Seasons as a creditor on July 1, 1994. Pursuant to an order dated September 21, 1994, the debtor was permitted to amend his schedules to list Four Seasons as a creditor. The order also provided that Four Seasons would have 60 days from the date of the order to file a complaint objecting to discharge. On September 23, 1994, the debtor filed his amended summary of schedules adding Four Seasons as a creditor. On November 21, 1994, Four Seasons filed an objection to claim of exemption, as well as an adversary proceeding seeking an order requiring the trustee to administer the property.[1]

## II.

Bankruptcy Rule 4003(b) governs the timeliness of objections to exemptions and provides, in part:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

The debtor filed his amended schedules adding Four Seasons as a creditor on September 23, 1994. Pursuant to Rule 4003(b), Four

---

1. This adversary proceeding complaint is improperly titled, "Complaint Objecting to Dis-   charge."

Seasons had 30 days from that date to object to the debtor's claim of exemptions. The creditor filed its objection on November 21, 1994.

Under *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), Four Seasons' objection must be denied as untimely. In *Taylor*, the Chapter 7 trustee filed an objection to the debtor's claim of exemption after the expiration of the 30 day deadline of Rule 4003(b). The trustee acknowledged the deadline but argued that the deadline should not preclude him from challenging the objection where the debtor had no colorable basis for claiming it. The Court rejected the trustee's argument, holding that the trustee may not object after the expiration of the 30 day period, absent an extension by the court. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Id.* at 644, 112 S.Ct. at 1648.

■ Here, Four Seasons contends that it did have an extension by the Court to object to exemptions because the September 21, 1994 order granted the creditor 60 days to object to the discharge. However, an objection to discharge and an objection to exemption are not the same, as is evidenced by their different treatment in the Bankruptcy Rules.[2]

The September 21, 1994 order did not extend the time for filing objections to exemptions; therefore, the 30 day deadline of Rule 4003(b) applies. The last day to file objections to exemptions was October 23, 1994, 30 days after the debtor filed his amendment adding Four Seasons as a creditor. Four Seasons' objection to claim of exemption, filed on November 21, 1994, is therefore denied as untimely.

### III.

■ In order to avoid further litigation regarding the debtor's exemption, this Court concludes that it is proper to consider the substantive issue, which is the effect of the death of the debtor's spouse on the debtor's

claim of exemption of property held as tenants by the entirety.

11 U.S.C. § 522(b)(2)(B) allows the debtor to exempt "any interest in property in which the debtor had, *immediately before the commencement of the case*, an interest as a tenant by the entirety or joint tenant to the extent that such interest ... is exempt from process under applicable nonbankruptcy law." (Emphasis added.) Because the debtor held the property as a tenant by the entirety immediately before the commencement of the case, his exemption was proper when claimed.

■ Although the property was properly exempted under § 522(b)(2)(B), Four Seasons contends that it was brought back into the estate by operation of § 541(a)(5)(A), when the debtor's wife died. That section acts to include as property of the estate any interest in property that is acquired by the debtor, within 180 days after filing the petition, by bequest, devise, or inheritance. Four Seasons contends that this provision acts to bring the property at issue back into the estate because, upon the death of the debtor's spouse, within 180 days of filing the petition, the debtor acquired his wife's interest in the property by way of inheritance.

■ Black's Law Dictionary defines "inheritance" as "[a]n estate or property which a man has by descent, as heir to another, or which he may transmit to another, as his heir." Black's Law Dictionary 922 (4th ed. 1968). When parties own property as tenants by the entirety and one of the tenants dies, "title falls to the survivor, but by operation of law, not by the statutes of descent." 1 John G. Cameron, Jr., *Michigan Real Property Law*, ¶ 9.14, at 313 (ICLE 2d ed. 1993); *see also Dept. of Revenue v. Beattie (In re Renz' Estate )*, 338 Mich. 347, 356, 61 N.W.2d 148 (1953) (estates by the entirety are based on the theory that upon the death of one of the tenants, the joint property becomes the property of the survivor, not by descent, distribution or transfer, but by right of survivorship).

---

**2.** Rule 4004(a) provides 60 days after the first date set for the meeting of creditors to file an objection to discharge. Rule 4003(b) sets forth the time period to file objections to exemptions.

The debtor did not acquire his wife's interest in the property by way of inheritance, devise or descent. Therefore, section 541(a)(5)(A) does not apply to bring the property into the estate. The debtor's exemption was proper at the time he claimed it and no provision of the Code acts to bring the property back into the estate. Therefore, the debtor's exemption remains valid.

Accordingly, IT IS HEREBY ORDERED that Four Seasons' objection to the debtor's exemption is overruled.