**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: BEVERLY B. CORDOVA,
<u>Debtor.</u>

BEVERLY B. CORDOVA,

No. 95-1720

<u>Plaintiff-Appellant,</u>

v.

ROBERT G. MAYER, Trustee,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-1471-A, BK-93-11136-AB)

Argued: October 31, 1995

Decided: January 9, 1996

Before HALL and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by published opinion. Judge Williams wrote the opinion, in
which Judge Hall and Senior Judge Butzner joined.

_____

**COUNSEL**

**ARGUED:** Brian Denton West, SANDGROUND, BARONDESS &
WEST, P.C., Vienna, Virginia, for Appellant. Robert Glenn Mayer,

MAYER & SCANLAN, P.C., Fairfax, Virginia, for Appellee. **ON BRIEF:** Andrew S. Kasmer, SANDGROUND, BARONDESS & WEST, P.C., Vienna, Virginia, for Appellant.

_____

**OPINION**

WILLIAMS, Circuit Judge:

In this appeal, we must decide whether a debtor's solely owned fee simple interest in her home is part of the bankruptcy estate, even though the debtor held her interest as a tenant by the entirety when she filed her petition in bankruptcy and claimed an exemption of her tenancy-by-the-entirety interest. Beverly B. Cordova, the debtor, appeals an order of the bankruptcy court sustaining the objection of the Trustee, Robert G. Mayer, to Cordova's claim of an exemption of her home under 11 U.S.C.A. § 522(b)(2)(B) (West 1993 & Supp. 1995). The district court affirmed the bankruptcy court's disallowance of the exemption, holding that the entry of Cordova's divorce decree within 180 days of the filing of her voluntary bankruptcy petition caused her to lose the § 522(b)(2)(B) exemption for tenancy-by-the-entirety property and caused the interest to become property of the bankruptcy estate by operation of 11 U.S.C.A. § 541(a)(5)(B) (West 1993). Because we agree with the bankruptcy and district courts that Cordova's exemption should be disallowed and that her fee simple interest in the home[1] became part of the bankruptcy estate upon the entry of her divorce decree, we affirm.

I.

On March 19, 1993, Cordova filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia under Chapter Seven of the bankruptcy code. See 11 U.S.C.A. §§ 301, 701-728 (West 1993 & Supp. 1995). In the schedule of real property

_____

[1] When we refer to Cordova's fee simple interest in the home after the divorce, we mean her sole ownership of the real property, together with all improvements and fixtures thereon, as distinguished from her prior concurrent interest in the fee simple as a tenant by the entirety.

2

attached to her petition, Cordova listed an interest in her marital home that she held as a tenant by the entirety with her husband. Cordova claimed an exemption for this interest under § 522 of the bankruptcy code, which provides for the exemption of entireties property from the bankruptcy estate in certain instances. See 11 U.S.C.A. § 522(b)(2)(B).

When she filed the petition, Cordova's divorce proceeding was pending in Virginia state court. Approximately five months later, the final divorce decree was entered on August 18, 1993. Under Virginia law, the decree automatically extinguished the tenancy by the entirety and all contingent rights in the home, including the right of survivorship, by operation of law. See Va. Code Ann.§ 20-111 (Michie 1995). Moreover, the divorce decree awarded Cordova sole ownership of the fee simple interest in the marital home; her ex-husband received a monetary lien on the home representing twenty-five percent of the equity.

Relying on title 20, section 111 of the Virginia Code, Mayer, the Trustee, filed an objection to Cordova's claimed exemption for her interest in the home, arguing that Cordova's divorce caused her to lose her exemption for entireties property under 11 U.S.C.A. § 522(b)(2)(B). Because Cordova's divorce occurred within 180 days of the filing of her bankruptcy petition, Mayer asserted that the fee simple interest that Cordova then held in the home had become property of the bankruptcy estate through § 541(a)(5)(B) of the bankruptcy code. The bankruptcy court agreed, and the district court subsequently affirmed.

In urging us to reverse the order of the district court, Cordova makes two arguments. First, Cordova contends that the exempt status of a debtor's assets is determined on the date the bankruptcy petition is filed and that post-petition events do not affect the applicability of the exemption. Second, Cordova asserts that she did not acquire a new "interest in property" under § 541(a)(5)(B) as a result of the divorce decree because she owned a fee simple interest in the home both before and after the divorce. Thus, in Cordova's view, the change in the form of her interest, from concurrent to sole ownership, did not produce a new "interest in property" that could become part of the bankruptcy estate. Because Cordova's contentions involve the

3

interpretation of federal statutes and are purely legal issues, our review is de novo. See United States v. Hall, 972 F.2d 67, 69 (4th Cir. 1992).

II.

Under § 541 of the bankruptcy code, the bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (West 1993). Section 541 includes in the bankruptcy estate a debtor's interest in entireties property. Fairfield v. United States (In re Ballard), 65 F.3d 367, 371 (4th Cir. 1995). Thus, when Cordova filed her petition, the bankruptcy estate included her tenancy-by-the-entirety interest in the marital home.

Section 522(b)(2)(B), however, exempts from the bankruptcy estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety" to the extent that the interest "is exempt from process under applicable nonbankruptcy law." 11 U.S.C.A. § 522(b)(2)(B). Under Virginia law, only joint creditors of both spouses can reach property held as a tenancy by the entirety -- individual creditors of either spouse cannot attach the property. Vasilion v. Vasilion, 66 S.E.2d 599, 602 (Va. 1951). Thus, when Cordova claimed her § 522 exemption, her entireties interest in the marital home was exempt from the bankruptcy estate to the extent that it was immune from the claims of her individual creditors. Cf. Sumy v. Schlossberg , 777 F.2d 921, 924-25 (4th Cir. 1985) (holding that § 522(b)(2)(B) did not exempt entireties property from the claims of joint creditors when joint creditors could reach the property under Maryland law). On appeal, Cordova maintains that her current property interest remains exempt, and, alternatively, that it never entered the bankruptcy estate.

A.

Cordova first contends that the exemption of the home from the bankruptcy estate under § 522(b)(2)(B) survived the post-petition divorce decree awarding Cordova the fee simple interest in the home. The parties do not dispute that the entry of Cordova's divorce decree extinguished the tenancy by the entirety, see Va. Code Ann. § 20-111,

4

or that Cordova acquired sole ownership of the home in fee simple under the divorce decree. However, whereas Mayer asserts that the decree terminated the property's exempt status, Cordova urges us to hold that the exemption of her property interest in the home was determined on the date her bankruptcy petition was filed and that the post-petition entry of the divorce decree did not affect the applicability of the exemption.

To support her argument, Cordova relies primarily on our decision in BancOhio National Bank v. Walters (In re Walters), 724 F.2d 1081 (4th Cir. 1984).[2] In In re Walters, the debtor owned and was named the beneficiary of eleven unmatured life insurance policies insuring the life of his son. Id. at 1082. Within 180 days of the filing of the debtor's voluntary bankruptcy petition, the son died and the debtor received the proceeds from these policies. Id.  The debtor claimed that the proceeds were exempt under § 522(d)(7) of the bankruptcy code, which provided that "any unmatured life insurance contract owned by the debtor" was exempt from the bankruptcy estate. We agreed and held that the proceeds from the life insurance policies owned by the debtor remained exempt from the claims of creditors. See id. at 1083.

Contrary to Cordova's reading of In re Walters , our holding in that case was not a sweeping statement that subsequent events never affect the applicability of exemptions under the bankruptcy code. Rather, we stated that "[t]he proceeds derived from[life insurance] policies `owned by the debtor and claimed by him as exempt. . . flow as an incident of ownership of the contract to the debtor rather than to the estate.'" Id. (quoting In re Walters , 14 B.R. 92, 94 (Bankr. S.D.W. Va. 1981)) (emphasis added). We reasoned that if the debtor pays his premiums in fulfillment of his contractual obligations, "he should not be denied the benefits of the contractual relationship." Id. Cordova,

_____

**2** In her brief, Cordova cites a number of cases that simply do not support her argument that post-petition events cannot affect a debtor's § 522(b)(2)(B) exemption. Specifically, Cordova cites Massie v. Yamrose, 169 B.R. 585 (W.D. Va. 1994), In re Oberlies, 94 B.R. 916 (Bankr. E.D. Mich. 1988), and In re Sivley, 14 B.R. 905 (Bankr. E.D. Tenn. 1981), cases which at least imply, as we discuss below, that an entireties exemption may be lost if the tenancy by the entirety terminates. Therefore, we reject Cordova's arguments based on this authority.

5

however, entered no such contract. She obtained the property that she wishes to exclude from the bankruptcy estate by virtue of a divorce decree rather than a contract. Our holding in In re Walters thus does not govern Cordova's case.

Moreover, Cordova presents us with no compelling reason to hold that the § 522(b)(2)(B) exemption with respect to her creditors' claims continued to apply despite the termination of her tenancy-by-the-entirety interest. To the contrary, we recently held in In re Ballard that joint and non-joint creditors were entitled to share in property that the debtor held as a tenant by the entirety at the commencement of a bankruptcy case, because the property had devolved to the debtor's sole ownership upon the post-petition death of the debtor's spouse.[3] In re Ballard, 65 F.3d at 372. We announced that once a tenancy by the entirety terminates, the debtor -- and the bankruptcy estate -- are released "from all conditions of the tenancy conceived to preserve the unity of entireties property," including rights of survivorship and restrictions on alienation.[4] Id. at 371-72.

This reasoning counsels us to hold that the post-petition entry of Cordova's divorce decree within 180 days of the filing of the bankruptcy petition renders the § 522(b)(2)(B) exemption inapplicable. Under Virginia law, non-joint creditors of a tenant by the entirety have no greater rights in the debtor's interest than the debtor has. See Vasilion, 66 S.E.2d at 601. Thus, before the divorce, the contingent rights and the restrictions on alienation that accompanied Cordova's tenancy by the entirety burdened not only Cordova, but her non-joint creditors as well. Like the post-petition death of the debtor's spouse in In re Ballard, however, the divorce decree terminating co-

_____

[3] In In re Ballard, we found that the bankruptcy estate acquired the property "after the commencement of the case" under 11 U.S.C.A. § 541(a)(7) (West Supp. 1995), which does not impose the 180-day limitation found in § 541(a)(5)(B) at issue in Cordova's case.
[4] Rather than claiming an exemption of entireties property under § 522(b)(2)(B) as Cordova does, the debtor in In re Ballard sought to avoid claims by non-joint creditors under a "general rule that entireties property under Virginia law is available for bankruptcy administration solely for the benefit of joint creditors." Id. at 371. The closely analogous reasoning of In re Ballard applies with equal force to Cordova's case.

6

ownership of the home released Cordova from the unique features of the tenancy by the entirety. Once those features were extinguished, so, too, was the rationale for exempting Cordova's fee simple interest from the bankruptcy estate. Consequently, Cordova's interest, like Ballard's, became available to satisfy the claims of her individual creditors in bankruptcy.

Finally, we note that our view is supported by the opinions of other courts that have touched upon this issue and have suggested that post-petition changes in property ownership may affect the exempt status of the property. See Massie v. Yamrose, 169 B.R. 585, 586, 588 (W.D. Va. 1994) (implying that debtor's § 522(b)(2)(B) exemption could be lost by holding that a lien which attached only upon the dissolution of the debtor's marriage impaired the debtor's exemption at the filing of the bankruptcy petition); In re Alderton, 179 B.R. 63, 65 (Bankr. E.D. Mich. 1995) (implying that a § 522(b)(2)(B) exemption could be lost by analyzing whether property formerly held as a tenancy by the entirety was brought into the bankruptcy estate under § 541(a)(5)(A) after the spouse's death within 180 days of the filing of the petition); In re Sivley, 14 B.R. 905, 907, 911 (Bankr. E.D. Tenn. 1981) (finding that the debtor lost her § 522(b)(2)(B) exemption of entireties property when she was divorced within 180 days of the filing of her bankruptcy petition); see also In re Oberlies, 94 B.R. 916, 918 (Bankr. E.D. Mich. 1988) (citing In re Sivley favorably for the proposition that a post-petition divorce "caused the debtor to lose her right to exempt the property under § 522(b)(2)(B)'s entireties exemption provision"). Therefore, we affirm the order of the district court that Cordova no longer was entitled to the § 522(b)(2)(B) exemption after the entry of her divorce decree.

B.

Cordova next contends that even if she is no longer entitled to the entireties exemption under § 522(b)(2)(B), she obtained no new property interest as a result of the entry of her divorce decree that could enter the bankruptcy estate by operation of § 541(a)(5)(B).**5** Cordova

_____

**5** In pertinent part, 11 U.S.C.A. § 541(a)(5)(B) provides that the bankruptcy estate includes

7

first points out that, before the divorce, she held a fee simple interest in the marital home as a tenant by the entirety. See, e.g., In re Black, 145 F. Supp. 689, 690 (E.D. Va. 1956) ("In effect, the husband owned the entire property, but so did the wife. . . . It was legally an asset of both the husband and the wife. The husband and wife are each seized of the undivided whole of the estate.") (citations omitted). Cordova then argues that because she held only a seventy-five percent interest in the equity in the property after the entry of the divorce decree, she possessed no greater interest in the property after the entry of the divorce decree than she had when she filed her bankruptcy petition. Therefore, according to Cordova, because she obtained no new property interest, § 541(a)(5)(B) could not bring her fee simple interest in the home into the bankruptcy estate.

Cordova bases her argument on an improperly narrow construction of the term "interest" as used in § 541(a). Only by positing that interest as used in that section means "estate in land" can Cordova contend that she held an equal or lesser interest in the property after the entry of the divorce decree. Under that theory, Cordova held the same estate in land, a fee simple absolute, both before and after the divorce -- albeit in the form of a tenancy by the entirety before the decree and sole ownership after the decree.

The construction of the term "interest" urged by Cordova contravenes a basic tenet of bankruptcy law that the bankruptcy estate defined in § 541(a) is "broad and all-embracing." Sachs v. Ryan (In re Ryan), 15 B.R. 514, 517 (Bankr. D. Md. 1981); see also 4 Collier on Bankruptcy ¶ 541.06, at p. 541-29 (15th ed. 1995) (noting "that the underlying theory of section 541(a)(1) is to bring into the estate all interests of the debtor in property as of the date the case is commenced"). If the definition of "interest" were as limited as Cordova suggests, § 541(a) would no longer enjoy the breadth of inclusion that

_____

[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date . . . as a result of a . . . final divorce decree.

8

Congress intended it to have. Thus, we must reject Cordova's narrow construction.

Having observed that the definition of the term"interest" as used in § 541(a) is significantly broader than that implied by Cordova, we conclude that Cordova's sole ownership of a fee simple interest is a separate property interest distinct from the tenancy-by-the-entirety interest that she previously held. The interests are distinct because of the greater variety of rights vested in Cordova as the sole owner of the property. As the district court noted, after the entry of the divorce decree, Cordova

> [could] sell, convey, give or encumber the property without the consent or joinder of her former spouse. She[could] direct the disposition of the property in a will. She [was] solely entitled to occupy, rent and sell the property and was solely entitled to all rents and profits from the property.

(J.A. at 154.) In contrast, as a tenant by the entirety, Cordova's power to dispose of the property was much more limited. See, e.g., Vasilion, 66 S.E.2d at 602 ("When an estate by the entireties is once set up, neither spouse can sever it by his or her sole act. Neither spouse can convey or dispose of any part of it so as to effect such a severance.") (citation omitted). Therefore, Cordova's solely owned fee simple interest is a distinct "interest in property" that Cordova "acquire[d] within 180 days" after she filed her petition. See 11 U.S.C.A. § 541(a)(5).

We conclude that § 541(a)(5)(B) thus operates to include Cordova's fee simple interest in the bankruptcy estate. If Cordova had held that interest when she filed her bankruptcy petition, the interest would have been included in her bankruptcy estate, assuming no exemption applied. See 11 U.S.C.A. § 541(a)(1) (stating that the bankruptcy estate comprises "all legal or equitable interests of the debtor in property as of the commencement of the case"). Because she acquired the fee simple interest as a result of the entry of a divorce decree within 180 days of the filing of her petition, it became part of the bankruptcy estate.[6] See 11 U.S.C.A.§ 541(a)(5)(B); In re Sivley, 14 B.R. at 907

_____

[6] In her brief, Cordova urges us to adopt the reasoning of Ames v. Wickham (In re Wickham), 130 B.R. 35 (Bankr. E.D. Va. 1991). In In re

9

(finding that the debtor's post-petition divorce within 180 days of the filing of the petition caused her to be deprived of her § 522(b)(2)(B) exemption and that the resulting tenancy-in-common interest entered the bankruptcy estate by operation of § 541(a)(5)(B)); see also In re Alderton, 179 B.R. at 65 (analyzing whether a solely owned interest formerly held as a tenancy by the entirety entered the bankruptcy estate under § 541(a)(5)(A) after the death of a spouse within 180 days of the filing of the petition). Cordova's interest in the home thus stands available to satisfy the claims of her creditors in bankruptcy.

III.

For the foregoing reasons, we conclude that the bankruptcy court did not err in sustaining Mayer's objection to the exemption Cordova claimed under § 522(b)(2)(B) and ruling that the interest entered the bankruptcy estate under § 541(a)(5)(B). Thus, we affirm the decision of the district court.

AFFIRMED

_____

Wickham, real property held by the debtor as a tenant by the entirety was to be sold after the commencement of the bankruptcy case. Id. at 37. Because the proceeds from the sale of the property would continue to be entireties property under Virginia law, see Oliver v. Givens, 129 S.E.2d 661, 663 (Va. 1963), the court held that the debtor retained his § 522(b)(2)(B) exemption for the proceeds. See In re Wickham, 30 B.R. at 37 n.3. Because the tenancy by the entirety never terminated in In re Wickham, this case does not support Cordova's contention that an interest in property cannot become part of the bankruptcy estate after the tenancy by the entirety has terminated. Thus, we reject Cordova's argument based on In re Wickham.

10