**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: BENJAMIN W. BIRNEY,
Debtor.

BENJAMIN W. BIRNEY,

Plaintiff-Appellee,

No. 98-2479

v.

LAWRENCE K. SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-98-1445-S, BK-95-53505-JS, AP-96-5182)

Argued: October 27, 1999

Decided: December 29, 1999

Before MURNAGHAN, NIEMEYER, and TRAXLER,
Circuit Judges.

_____

Affirmed by published opinion. Judge Murnaghan wrote the opinion,
in which Judge Niemeyer and Judge Traxler joined.

_____

**COUNSEL**

**ARGUED:** David Foxwell Albright, Sr., ALBRIGHT, BROWN &
GOERTEMILLER, L.L.C., Baltimore, Maryland, for Appellant.

Andrea Goodwin Green, UAW LEGAL SERVICES PLAN, Newark, Delaware, for Appellee. **ON BRIEF:** Edward D.E. Rollins, III, Elkton, Maryland, for Appellant.

_____

**OPINION**

MURNAGHAN, Circuit Judge:

This case concerns the bankruptcy proceedings of Benjamin Birney and the attempt by Lawrence Smith, a judgment creditor, to exercise a lien on real property owned by Birney originally as tenants by the entireties with his now deceased wife in Cecil County, Maryland. The Bankruptcy Court and the District Court found that Smith could not reach the property either directly through Birney or indirectly through Birney's bankruptcy estate. For the reasons discussed below, we affirm.

I.

Birney and his wife owned real property located in Cecil County, Maryland as tenants by the entireties. In 1984, Smith obtained a judgment solely against Birney in Maryland state court. Although generally a money judgment arising out of a Circuit Court proceeding will constitute a lien on the judgment debtor's land located in the county in which the judgment was rendered, Md. Code Ann. Cts. & Jud. Proc. § 11-402(b)(1998), property held as tenants by the entireties cannot be taken by creditors to satisfy the individual debts of either the husband or the wife. Watterson v. Edgerly , 388 A.2d 934, 938 (Md. App. 1978).

In May of 1995, Birney filed a voluntary Chapter 7 bankruptcy petition. Mrs. Birney did not file for bankruptcy. Birney listed the Cecil County property as exempt because it was jointly owned as tenants by the entireties by the debtor and his non-filing spouse. In June of 1995, the trustee sent notification to creditors that the case was a no-asset case, and in August of 1995, he filed a report of no distribution.

2

In October of 1995, Mrs. Birney died. The trustee investigated the possibility that the estate would acquire assets, but in December of 1995 he filed a second report of no distribution. In January of 1996, Birney received a discharge and the case was closed. No objections were filed to Birney's claimed exemptions or the trustee's reports.

Smith subsequently attempted to foreclose on the Cecil County property, claiming that he acquired a lien on the property upon Mrs. Birney's death. In April of 1996, Birney reopened the bankruptcy case and sought a declaration from the court that Smith held no lien on the property and that Smith's claim against Birney had been discharged in the bankruptcy proceedings.

In March of 1998, the Bankruptcy Court granted Birney's motion for summary judgment, finding that Mrs. Birney's death did not nullify the property exemption. In September of 1998, the District Court affirmed the Bankruptcy Court's order, finding that the basis for the exemption did in fact lapse, but also that the property was never captured by the bankruptcy estate and therefore could not be reached by Smith. Smith then filed the instant appeal.

II.

Smith cannot reach the Cecil County property directly through Birney. During the period prior to Birney's bankruptcy petition, Smith's lien could not attach to the property because Mrs. Birney was still alive. Because Smith held no claim against Mrs. Birney, and because Mrs. Birney owned an undivided interest in the property as tenants by the entireties with her husband, Smith's judgment against Birney could not ripen into a lien on the property so long as Mrs. Birney was alive. See Watterson, 388 A.2d at 938.

During the period between Birney's bankruptcy filing and the discharge of his case, no lien could attach because of the automatic stay imposed by 11 U.S.C. § 362(a)(5), which prohibits

> any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.

3

Smith contends that his lien on the Cecil County property arose by operation of law upon Mrs. Birney's death. He concludes, therefore, that attachment of the lien did not fall under the§ 362(a) prohibition since it did not involve an "act" to create or perfect the lien. Smith's contention, however, is incorrect under our recent holding in In re Avis v. Trustee, 178 F.3d 718 (4th Cir. 1999).

In Avis, we held that the attachment of a tax lien, arising by operation of law to property acquired post-petition, is an "act" within the meaning of § 362(a) and is therefore prohibited during the time that the automatic stay is in effect. Id. at 723-24. We rejected a narrow interpretation of the term "act" and concluded that the attachment of a lien is itself an "act" that is prohibited by § 362(a)(5), even when the attachment occurs automatically by operation of law. Id. at 722-23.

The automatic stay imposed by § 362(a)(5), therefore, prohibits the attachment of Smith's post-petition lien in the instant case. Even though Smith's lien arose by operation of law upon Mrs. Birney's death, attachment of the lien is still an "act" that is prohibited by the automatic stay under § 362(a)(5). The automatic stay remained in effect until January of 1996, when Birney was granted a discharge. See 11 U.S.C. § 362(c)(2)(C). Therefore, Smith's lien could not attach from the time Birney filed his bankruptcy petition until the time he was granted a discharge.

During the period following Birney's discharge in January of 1996, no lien could attach to the property because the discharge extinguished the debt upon which the lien was based. See 11 U.S.C. § 524(a)(1). Once Birney was granted a discharge, he was no longer liable for the judgment debt owed to Smith.

In summary, Smith's judgment debt could not ripen into a lien prior to Birney's bankruptcy petition because during that time Mrs. Birney was alive. It could not ripen into a lien between the filing of the bankruptcy petition and the discharge because 11 U.S.C. § 362(a)(5) imposed an automatic stay which prohibits any lien on a pre-petition debt from attaching. And finally, it could not ripen into a lien following Birney's discharge because the discharge extin-

4

guished his liability for the underlying debt. Smith, therefore, cannot reach the Cecil County property directly through Birney.

III.

Smith also cannot reach the Cecil County property through the bankruptcy estate. Smith contends that upon Mrs. Birney's death, the basis for exempting the Cecil County property from the bankruptcy estate lapsed, and that therefore the property should become part of the estate and made available to satisfy Birney's creditors.

The basis for Birney's exemption of the property was extinguished upon Mrs. Birney's death. In In re Cordova, 73 F.3d 38 (4th Cir. 1996), this court held that an exemption for property held as tenants by the entireties lapsed when the joint tenancy was extinguished by operation of law following a divorce which occurred post-petition.

As the district court correctly pointed out, however, a determination that the basis for the property exemption has lapsed does not end the inquiry. Termination of the exemption post-petition does not, by itself, bring the property into the bankruptcy estate. See Cordova, 73 F.3d at 41; In re Alderton, 179 B.R. 63 (Bankr. E.D. Mich. 1995). There must also be some applicable statutory mechanism by which the estate "captures" the post-petition property.*

Section 541(a) provides the only potentially applicable statutory basis for bringing the Cecil County property into the bankruptcy estate. Section 541(a)(5) defines as part of the estate

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor

_____

*In the aftermath of Mrs. Birney's death, Smith could have filed an objection to the property Birney claimed as exempt from the bankruptcy estate, pursuant to 11 U.S.C. § 522(l) and Bankruptcy Rule 4003(b). Because Smith did not file any such objection, we need not consider whether it would have been warranted by the circumstances of Birney's situation.

5

acquires or becomes entitled to acquire within 180 days
after such date --

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agree-
ment with the debtor's spouse, or of an inter-
locutory or final divorce decree; or

(C) as a beneficiary of a life insurance policy or
of a death benefit plan.

Simply put, in limited circumstances the statute allows the estate to "capture" property acquired by a debtor within 180 days after filing the bankruptcy petition. Such property becomes part of the bankruptcy estate if the property was obtained as a result of an inheritance, a divorce settlement, or insurance proceeds. Only property which falls into the descriptions contained in subsections (A) through (C) is "captured" by the bankruptcy estate post-petition.

Less than 180 days after filing his bankruptcy petition, upon Mrs. Birney's death, Birney obtained a fee simple interest in the Cecil County property by operation of law. He was a joint owner as tenants by the entireties with his wife, and thus he held a survivorship interest in the property. See Cooper v. Bikle, 640 A.2d 1120, 1127 (Md. 1994). Upon Mrs. Birney's death, Birney became the sole owner of the property. A tenant by the entireties, however, does not "inherit" his co-tenant's interest in the property. See, e.g., Bonczkowski v. Kucharski, 150 N.E.2d 144, 149 (Ill. 1958). Rather, he continues his full ownership of the property alone. Consequently, Birney did not become entitled to a fee simple interest in the Cecil County property by "bequest, devise, or inheritance." Nor, obviously, did Birney obtain the property in a divorce settlement or as an insurance beneficiary. Section 541(a)(5), therefore, is inapplicable and does not provide a statutory mechanism for bringing the Cecil County property into Birney's bankruptcy estate. The property, therefore, belongs to Birney, not to Birney's bankruptcy estate. As a result, Smith could not reach the property through the estate.

6

IV.

For the foregoing reasons, we affirm the order of the district court.

AFFIRMED

7