**In re Ralph Michael ROURKE, a/k/a R. Michael Rourke, a/k/a/ Michael Rourke, Debtor.**

No. 897–87532–478.

United States Bankruptcy Court, E.D. New York.

Jan. 23, 2003.

Albert M. DiMarco, Garden City Park, NY, for Debtor.

Becket and Lee, LLP, Malvern, PA, for American Express Centurion Bank Optima Card and American Express Travel Related Services.

**MEMORANDUM DECISION**

DOROTHY EISENBERG, Bankruptcy Judge.

Before the Court is a motion brought in a re-opened Chapter 7 case by Ralph Michael Rourke ("Debtor") seeking entry of an order declaring that two judgments entered against the Debtor prepetition were discharged along with the Debtor's other

dischargeable debts. Based on 11 U.S.C. § 524(a)(1) and applicable case law, the Court grants the Debtor's motion. This decision constitutes the Court's findings of fact and conclusions of law.

## FACTS

On October 9, 1997, the Debtor filed a petition seeking relief under Chapter 7 of the Bankruptcy Code. Included among the unsecured debts listed on Schedule F were a debt in the amount of $2,427.54 owed to American Express Optima on a personal credit card, and a debt in the amount of $8,244.28 owed to American Express Travel (collectively, the "American Express Obligations"). The Debtor's petition further reflects that as of the petition date, the Debtor owned no real property. The docket reflects that no complaints objecting to discharge of the Debtor or dischargeability of the Debtor's debts were filed.

By order dated February 3, 1998, and pursuant to section 524 of the Bankruptcy Code, the Debtor obtained a discharge of his debts and the case was closed thereafter. Sometime in 2001, the Debtor purchased real property in Nassau County (the "Real Property") and in August 2002, the Debtor applied for a loan to be secured by his interest in the Real Property. In August, 2002, the Debtor was advised by his lender that the Real Property was encumbered by judgments held by American Express Optima and American Express Travel (the "Judgments"). The Judgments were both docketed in 1994, prior to the date the Debtor obtained his discharge, and arose from the American Express Obligations. Upon this discovery, the Debtor filed a motion with the Court seeking to reopen his case to obtain entry of an order declaring that the Judgments were discharged along with the American Express Obligations by order dated February 2, 1998. At a prior hearing, the Court granted the Debtor's motion to reopen his case, and on January 9, 2003, the Court entertained the Debtor's motion seeking the declaratory relief. American Express was served with the motion and did not appear or otherwise respond to the merits of the Debtor's motion.

## DISCUSSION

In this case, the Debtor seeks entry of an order declaring that the Judgments were discharged on February 3, 1998 because as of the petition date, the Debtor had no interest in real property to which the Judgments could attach and therefore pass through the bankruptcy unaffected. Section 524(a)(1) of the Bankruptcy Code provides:

A discharge in a case under this title—
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

The Judgments are based on credit card obligations owed to American Express by the Debtor personally, and the American Express Obligations were discharged by order of this Court. American Express had notice of the Debtor's filing as it was listed as a creditor on the Debtor's schedules, and did not file a complaint objecting to dischargeability of the American Express Obligations. Therefore, a plain reading of § 524(a)(1) supports a finding that the Judgments were discharged of record along with the American Express Obligations, and were rendered void as of the date of the Debtor's discharge. Applicable case law comports with this finding as well. *Birney v. Smith (In re Birney),* 200 F.3d 225 (4th Cir.1999); and *In re*

*Cruz,* 254 B.R. 801, 810 (Bankr.S.D.N.Y. 2000) ("[A]ny judgment is void if it is a determination of the personal liability of the debtor with respect to a discharged debt.").

As a result of the Debtor's discharge, the Real Property purchased by the Debtor thereafter was not encumbered by the Judgments, which are deemed void. The result would not have been the same had the Debtor purchased the Real Property prior to filing the petition, and in that case, the Judgments would have attached to the Real Property upon the Debtor's purchase of the Real Property. *Marine Midland Bank v. Scarpino (In re Scarpino),* 113 F.3d 338 (2d Cir.1997). In addition, if the American Express Obligations were not discharged by the February 3, 1998 order of discharge, the Judgments would have remained on the docket. However, since the purchase of the Real Property occurred after the Debtor filed the petition, and the American Express Obligations were in fact discharged, the Judgments had already been deemed void by operation of § 524(a)(1).

### CONCLUSION

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

2. For the reasons set forth above, the Judgments are void and could not attach as liens to the Real Property, which was purchased post petition.

An order shall be entered granting the Debtor's motion simultaneously herewith.