In re David J. HUNTER, Debtor.

David J. Hunter, Plaintiff,

v.

Citifinancial, Inc., Defendant.

Bankruptcy No. 01–81436–RGM.
Adversary No. 02–08008.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Sept. 30, 2002.

Tommy Andrews, Jr., Alexandria, VA, for the Debtor.

Ronald J. DiGiorna, Aliquippa, PA, for Defendant.

## MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

The question presented in this chapter 13 case is whether an individual debtor may strip-off a second priority mortgage lien on non-residential real property owned by the debtor and his wife as tenants by the entireties. The court holds that the debtor may not do so.

### Background

The debtor borrowed $16,688.40 from Citifinancial, Inc., on July 14, 2000. His wife did not co-sign the note. The debt, however, was secured by a second priority mortgage on the real property owned by the debtor and his wife as tenants by the entireties with the right of survivorship. Both the debtor and his wife executed the mortgage which was duly recorded in the land records. It is subordinate to the lien of the first mortgage. The property is situate in Allegheny County, Pennsylvania, and was the principal residence of the debtor and his wife at the time of the transaction.[1]

■ The debtor filed an individual petition in bankruptcy in this court under chapter 13 of the Bankruptcy Code on November 1, 2001. His wife did not join in the petition or file her own petition. The debtor's chapter 13 plan was confirmed on March 20, 2002. Prior to confirmation of the plan, the debtor filed this adversary proceeding seeking to avoid the second priority mortgage lien under 11 U.S.C. § 506(d). The complaint alleges that the property is encumbered by the

lien of the first mortgage in the amount of $104,000 and that the property is worth $99,000. Citifinancial, the holder of the second mortgage, was properly served but filed no responsive pleading. The complaint is now before the court on the debtor's motion for a default judgment.[2] Citifinancial did not file a proof of claim.

### Debtor's Position

The debtor asserts that under § 506(a) a claim is a secured claim only to the extent of the value of the creditor's interest in the property and that under § 506(d), to the extent that the lien is not an allowed secured claim, the lien is void. Here, since there is no equity in the property. Citifinancial's lien is completely unsecured and, therefore, void. Further, if the lien is voided as to the debtor's interest in the property, it is no longer effective as to the debtor's wife because property owned as tenants by the entireties is not subject to the debts, liens or judgments of only one spouse. Thus, the lien should be completely voided upon the completion of the plan and the granting of a discharge.

### Discussion

The application of § 506(d) in bankruptcy proceedings has been the subject of numerous opinions and significant commentary. The Supreme Court has twice addressed the issue, once in the context of a chapter 7 case and later in the context of a chapter 13 case. *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124

---

1. The statement of financial affairs states that the debtor lived in the property from November 1994 to August 2000.

2. Notwithstanding the failure of Citifinancial to respond, the court must determine whether the well-pleaded allegations in the complaint

support the relief sought. If acceptance of the undisputed facts does not entitle the plaintiff to the relief sought, the motion for a default judgment may not be granted. *Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780–81 (4th Cir.2001).

L.Ed.2d 228 (1993). In both cases, the Supreme Court held that liens could not be bifurcated and stripped down. Neither case addressed stripping off a wholly unsecured mortgage lien. The Court of Appeals for the Fourth Circuit addressed that issue in the context of a chapter 7 case in *Ryan v. Homecomings Financial Network*, 253 F.3d 778 (2001) where it held that a chapter 7 debtor could not void the lien of a junior mortgage when the senior mortgage exceeds the value of the property. There is no Court of Appeals precedent in this circuit relating to stripping off wholly unsecured mortgage liens in chapter 13 or either stripping off or stripping down undersecured mortgage liens on debtor's real property that is not the debtor's primary residence. Here, the debtor assumes that he may strip off a wholly unsecured mortgage lien on real property that is not his residence. Indulging the assumption that the debtor could strip off the lien if he were the sole owner of the property or if he had filed a joint petition with his spouse, the question becomes whether he can achieve the same result when only he files a petition but the property is held by his wife and him as tenants by the entireties.

### Tenants by the Entireties Property

The Bankruptcy Code operates principally on property rights that exist at the commencement of the case. It is necessary to first understand what rights the debtor and the creditor have before the impact of the Bankruptcy Code can be determined. Most property rights—particularly those relating to real property—arise from state law. The real property in question in this case is situate in Pennsylvania and Pennsylvania law establishes the property rights in the real property and the respective rights of the debtor and creditor.

 This case involves an issue relating to real property held as tenants by the entireties. The common characteristics of an estate held as tenants by the entireties are the four unities of joint tenancies plus coverture.[3] The four unities are the unities of title, time, estate and possession. The four unities and coverture must exist at the time that the estate is created. The conveyance must be to both parties by the same instrument. The estates must be the same and commence at the same time. The parties must be husband and wife at the time of the conveyance. The unique feature of a tenants by the entireties estate is the treatment of the husband and wife as a single entity.

Fundamentally the estate rests on the legal unity of husband and wife. It is therefore a unit, not made up of divisible parts subsisting in different natural persons, but is an indivisible whole, vested in two persons actually distinct, yet to legal intendment one and the same. Each is seised of the whole estate from its inception, and upon the death of one, while the right of survivorship remains to the other, that other takes no new title or estate. 'A conveyance to husband and wife creates neither a tenancy in common nor a joint tenancy. The estate of joint tenants is a unit, made up of divisible parts; that of husband and wife is also a unit, but it is made up of indivisible parts. In the first case there are several holders of different moieties or portions, and upon the death of either the survivor takes a new estate. He acquires by survivorship the moiety of his deceased cotenant. In the last case

---

**3.** The elements of a tenants by the entireties estate are similar in those states that continue to recognize the estate, but are not identical.

although there are two natural persons, they are but one person in law, and upon the death of either the survivor takes no new estate. It is a mere change in the properties of the legal person holding, and not an alteration in the estate holden. The loss of an adjunct merely reduces the legal personage holding the estate to an individuality identical with the natural person. The whole estate continues in the survivor, the same as it would continue in a corporation after the death of one of the corporators. This has been the settled law for centuries.' *Stuckey v. Keefe*, 26 Pa. 397, 1856 WL 7101 (1856).

*Beihl v. Martin*, 236 Pa. 519, 522, 84 A. 953, 954 (1912). *See also Napotnik v. Equibank & Parkvale Savings Association*, 679 F.2d 316 (3rd Cir.1982).

 The property is owned per tout et non per my, that is, each holds an undivided and indivisible interest in the entire property. *In re Gallagher's Estate*, 352 Pa. 476, 478, 43 A.2d 132, 133 (1945)("Its essential characteristic is that each spouse is seized *per tout et non per my*, i.e., of the whole or the entirety and not of a share, moiety, or divisible part."). Neither spouse may unilaterally sever an estate held in the entireties. *Id.* When the first tenant dies, the survivor does not inherit a one-half interest. Instead, the decedent's interest terminates leaving the survivor with his or her preexisting 100% interest in the real property. While there is something metaphysical—and to the modern mind something peculiar—about this ancient transformation upon death of the first tenant, it is akin to a corporation which owns a parcel of real property. If the corporation is owned by two shareholders and one shareholder dies, the ownership of the real property does not change. Title remains vested in the corporation even if the shareholder's death results in

the transfer of the decedent's stock interest to the survivor. *Fazekas v. Fazekas*, 737 A.2d 1262, 1264 (Pa.Super.1999)("When one spouse dies, the surviving spouse takes no new estate; rather, the only change is in the properties of the legal entity holding the estate."). *See also In re Birney*, 200 F.3d 225 (4th Cir.1999); *Fairfield v. United States (In re Ballard)*, 65 F.3d 367 (4th Cir.1995).

 The tenants by the entirety enjoy certain rights. They both enjoy the right to possession and use of the entire property and the right to exclude third parties from the property. *Gilliland v. Gilliland*, 751 A.2d 1169, 1172 (Pa.Super.2000). The property is not subject to the debts of either party but only joint debts of both the parties. *In re Maloney*, 146 B.R. 168, 171 (Bankr.W.D.Pa.1992); *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985). *But see United States v. Craft*, 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002)(federal tax lien). Neither party may alien, convey or encumber his or her interest although both together can alien, convey or encumber the estate. *In re Farris*, 194 B.R. 931, 939 (Bankr.E.D.Pa. 1996); *United States v. Gresham*, 964 F.2d 1426, n. 7 (4th Cir.1992) (quoting *Beall v. Beall*, 291 Md. 224, 434 A.2d 1015, 1021 (1981)). They may not by their individual act sever the tenancy although they may do so by their joint act. *In re Hefner*, 262 B.R. 61, 67 (Bankr.M.D.Pa.2001); *Fairfield v. United States*, 65 F.3d at 372. The property vests in the survivor of the parties and is not subject to any provision of a will of the first party to die. *Edel v. Edel*, 283 Pa.Super. 551, 554, 424 A.2d 946, 948 (Pa.Super.1981), *Faraco v. C.I.R.*, 261 F.2d 387, 388 (4th Cir.1958).

 The treatment of tenants by the entireties property in bankruptcy is not always intuitive. Under the Bankruptcy Act of 1898, an individual debtor's inter-

est in tenants by the entireties property did not become property of the bankruptcy estate. *Napotnik v. Equibank & Parkvale Savings Association, supra.* This was statutorily changed by § 541 of the Bankruptcy Code of 1978. *In re Ford,* 3 B.R. 559 (Bankr.D.Md.1980) *aff'd sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir. 1981). The interest may be exempted from the estate as tenants by the entireties property if only one tenant files bankruptcy, but only to the extent that the property would have been exempt from creditors outside bankruptcy. *In re Ford; Sumy v. Schlossberg,* 777 F.2d 921 (4th Cir.1985); *Williams v. Peyton (In re Williams),* 104 F.3d 688 (4th Cir.1997). Even if exempted from the estate, if the debtor and the debtor's spouse are divorced within 180 days after the filing of the petition, the tenants by the entireties property acquired by virtue of the divorce becomes property of the estate. 11 U.S.C. § 541(a)(5)(B); *In re Cordova,* 73 F.3d 38, 41–42 (4th Cir.1996). If in a joint case, however, one of the tenants by the entireties dies within 180 days after the filing of the petition but after the entireties property has ceased to be property of the estate, for example, by exemption or abandonment, the property vests in the surviving tenant as a post-petition asset. Unlike a divorce within 180 days, the property vests in the survivor because he already owned the entire property. The survivor does not inherit the property. It is not obtained by bequest or devise. It does not become property of the bankruptcy estate. 11 U.S.C. § 541(a)(5)(A); *Birney v. Smith (In re Birney),* 200 F.3d 225, 229 (4th Cir.1999). However, also in a joint case, if the entireties property is property of the estate at the time that one of the tenants dies (whether within 180 days after the filing of the petition or after the 180–day period) the entire fee vests in the survivor's bankruptcy trustee and becomes property of the survivor's bankruptcy estate. It ceases to be property of the decedent's bankruptcy estate.[4] *Fairfield v. United States,* 65 F.3d at 371–72.

If the debtor's interest in tenants by the entireties property becomes property of the estate and is not exempted, the trustee may sell the debtor's interest. While this is at variance with the common-law rule that one tenant by the entirety may not alien, convey or dispose of his or her interest without the co-tenant joining in the conveyance, it is expressly statutorily provided by 11 U.S.C. § 363(h).[5] Many states have legislatively modified the common-law tenants by the entireties estate. For example, in Pennsylvania, whenever married persons holding property as tenants by the entireties are divorced, they thereafter hold property as tenants in common. *See* 23 Pa.Cons.Stat. § 3507(a) (1990). *Accord, In re Snyder,* 249 B.R. 40, 44–45 (1st Cir. BAP 2000); *Bernatavicius v. Bernatavicius,* 259 Mass. 486, 488–90, 156 N.E. 685, 687 (1927); Va.Code § 20–111 (1950). Almost all states have abolished survivorship in joint estates. While this was a common-law attribute, most American states abolished it shortly after the Revolution. *See* Va. Code § 55–20 (1990); 68 Pa. St. § 110 (1812). The attributes of the tenancy by the entirety estate have also been modified legislatively by the Married Women's Property Rights

---

4. This makes a difference if the bankruptcy estates have not been substantively consolidated. Absent an order of substantive consolidation, joint estates are only administratively consolidated. F.R.Bankr.P. 1015(b); L.B.R. 1015–1.

5. However, this right of sale is not unlimited. There are four conditions precedent to a sale. 11 U.S.C. § 363(h)(1)-(4). In addition, the co-tenant is granted a statutory right of first refusal. 11 U.S.C. § 363(i).

Acts of the nineteenth century. *See* Virginia Married Woman's Act of 1877 (Acts of Assembly 1876–77, c. 329), Va.Code. § 55–35. *Nickels v. Miller,* 126 Va. 59, 101 S.E. 68 (1919); Pennsylvania Married Woman's Property Act 1887, P.L. 332, 48 P.S. § 64 (Pa.1887), *Campe v. Horne,* 158 Pa. 508, 27 A. 1106 (1893); Married Woman's Property Act, Gen. St. c. 108 § 3 (Mass.1857), *Harmon v. Old Colony R. Co.,* 165 Mass. 100, 42 N.E. 505 (1896).

 Federal law generally looks to state law to determine what is property and the rights that attach to the property. *United States v. Craft,* 535 U.S. 274, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002); *Butner v. U.S.,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *United States v. Bess,* 357 U.S. 51, 55, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). However, federal law can modify property rights for federal purposes. The treatment of tenants by the entireties property under 11 U.S.C. §§ 363(h) and 541 is such an example.

### Application of Section 506(d) to Tenants by Entireties Property

██ The debtor seeks to avoid the creditor's mortgage lien not only to his interest in the property, but also his wife's interest. The debtor's spouse has not sought relief under title 11. Neither she nor her interest in the Pennsylvania property is before the court. The debtor seeks to provide her with the benefit of having filed bankruptcy without her having borne the burden.

More importantly, however, her interest is in the whole of the property, per tout et non per my. The debtor and his spouse

have a concurrent interest in the entire property. Even if the lien were somehow voided as to the debtor's interest, it would remain as to the wife's interest and would encumber the entire property. This could make a difference if the parties owned the property as tenants by the entireties at the time of the death of the first tenant. If the debtor were to predecease his wife, the property would be subject to the lien because his wife's interest would be subject to the mortgage lien and she would be the sole owner of the property. If the debtor survived his spouse, the lien on her interest would disappear with her interest leaving only the husband's interest which would not encumbered. However, this requires a severance of a portion of the entireties estate by the debtor.[6] Pennsylvania law envisions neither such a division of a tenancy by the entireties estate nor the unilateral severance of any portion of the entireties estate. *Napotnik v. Equibank & Parkvale Savings Association; Beihl v. Martin; Fleek v. Zillhaver,* 117 Pa. 213, 12 A. 420 (1887); *In re Barsotti,* 7 B.R. 205, 208 (Bankr.W.D.Pa.1980)("The surviving spouse, by virtue of this right of survivorship, does not take any new estate; instead, the survivor's interest in the entirety now embraces every interest in the estate.").

The Bankruptcy Code does not assist the debtor. The only provision permitting the severance of an entireties estate or a unilateral action by one co-tenant is § 363(h). This provision expressly provides that the "trustee may sell both the estate's interest" and the co-owner's interest. There is no authority for the debtor to sell the property under § 363(h). *See,*

---

6. If the tenants by the entireties estate were severed by the joint act of the parties and the property partitioned or if the estate were converted into a tenancy in common upon divorce, the lien would continue as to the entire property including the debtor's one-half interest. Each would take a half interest subject to all encumbrances, including the encumbrance on the entire property arising by virtue of the wife's ownership.

**814**

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A,* 530 U.S. 1, 7, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000)(explaining that under § 506(c) where only the trustee is named as the party who may invoke its provisions, § 506(c) may only be invoked by the trustee). Nor is there any other authority in the Bankruptcy Code authorizing such unilateral action. Such a unilateral action is contrary to the essence of the tenants by the entireties estate and should not be permitted absent clear legislative authority.

### Conclusion

Pennsylvania law evinces a strong and consistent history of treating the interests of a husband and wife in a tenancy by the entireties property as a single, indivisible interest. The Pennsylvania Supreme Court stated that, "Tenancy by entireties is a venerable institution of the common law: it rests upon instincts which form the very warp and woof of our domestic and social fabric. In such a tenancy each spouse is seized per tout et non per my. There is but one legal estate, which by a long course of judicial decisions, has been buttressed against inroads attempted either by the parties themselves or by their individual creditors." *C.I.T. Corp. v. Flint,* 333 Pa. 350, 354, 5 A.2d 126, 128 (1939). Pennsylvania law protects this single, indivisible interest against creditors of only one tenant, but not as to joint creditors. It prohibits both individual creditors and an individual tenant from severing the estate. Here, one tenant by the entireties seeks to sever the estate as to one aspect only. This he cannot accomplish. An individual debtor cannot avoid a lien—whether partially or wholly unsecured—on tenants by the entireties property under 11 U.S.C. § 506(d). The motion for default judgment will be denied. Because there is no relief that can be granted to the debtor, the complaint will be dismissed.