**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1156

In Re:  JOSE ALFREDO PINEDA ALVAREZ,

Debtor.

------------------------

JOSE ALFREDO ALVAREZ; MEYBER L. ALVAREZ,

Plaintiffs – Appellants,

v.

HSBC BANK USA, NATIONAL ASSOCIATION,

Defendant – Appellee,

and

NANCY SPENCER GRIGSBY,

Trustee.

------------------------

LARTEASE MARTRELL TIFFITH,

Court-Assigned Amicus Counsel.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Marvin  J.  Garbis,  Senior  District
Judge. (8:11-cv-02886-MJG; 10-31729; 11-00067)

Argued:  September 17, 2013         Decided:  October 23, 2013

Before GREGORY, DAVIS, and KEENAN, Circuit Judges.

_____

Affirmed by published opinion.  Judge Keenan wrote the opinion, in which Judge Gregory and Judge Davis joined.

_____

John Douglas Burns, BURNS LAW FIRM, LLC, Greenbelt, Maryland, for Appellants.  Lartease Martrell Tiffith, O'MELVENY & MYERS, LLP, Washington, D.C., as Court-Assigned Amicus Counsel.

_____

BARBARA MILANO KEENAN, Circuit Judge:

In this case, we consider a district court's judgment upholding a bankruptcy court's refusal to "strip off" a "valueless lien" against certain real property that a debtor owned with his non-debtor spouse as tenants by the entireties.[1] On appeal, the debtor and his spouse contend that the bankruptcy court erred in refusing to strip off the lien on the ground that the spouse's property interest was not part of the bankruptcy estate.

Upon our review, we conclude that the statutory provisions authorizing a strip off, and applicable Maryland property law, do not permit a bankruptcy court to alter a non-debtor's interest in property held in a tenancy by the entirety. Therefore, we hold that the bankruptcy court correctly determined that it lacked authority to strip off the debtor's valueless lien because only the debtor's interest in the estate, rather than the complete entireties estate, was before the bankruptcy court. We affirm the district court's judgment.

---

[1] The term "debtor" means a person who has filed a bankruptcy petition. See 11 U.S.C. § 101(13).

3

I.

A.

We begin by describing the statutory framework for stripping off a valueless lien in a bankruptcy proceeding. Generally, a creditor's lien on real property passes through bankruptcy unaffected and "stays with the real property until the foreclosure," based on the bargained-for agreement between a mortgagor and mortgagee. Dewsnup v. Timm, 502 U.S. 410, 417 (1992); accord Cen-Pen Corp. v. Hanson, 58 F.3d 89, 92 (4th Cir. 1995). Thus, while a discharge in bankruptcy eliminates a lienholder's in personam rights against a debtor, the lienholder's in rem rights in the collateral property ordinarily remain intact despite a discharge. Dewsnup, 502 U.S. at 418 (citing Johnson v. Home State Bank, 501 U.S. 78, 84 (1991)); Cen-Pen Corp., 58 F.3d at 92.

This Court recently determined, however, consistent with every other circuit to have considered the question, that in a typical Chapter 13 proceeding, a bankruptcy court has the authority to strip off a completely valueless lien on a debtor's primary residence, thereby eliminating a lienholder's in rem rights against the collateral property (strip off or lien strip). Branigan v. Davis, 716 F.3d 331, 335-36 (4th Cir. 2013) (citing other circuit cases addressing the issue). We explained

that such authority is based on application of 11 U.S.C. §§ 506(a) and 1322(b)(2).[2] Id. at 335.

To effectuate a lien strip, a bankruptcy court first considers the valuation provision contained in § 506(a), which states:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

11 U.S.C. § 506(a)(1). Thus, the status of a lienholder's claim "as secured or unsecured depends on the value of the collateral." Branigan, 716 F.3d at 335.

A bankruptcy court next applies § 1322(b)(2), which addresses the debtor's reorganization plan and permits debtors in such plans to modify the rights of holders of unsecured claims.[3] "The end result is that section 506(a), which

---

[2] In their complaint in the bankruptcy court, the Alvarezes cited 11 U.S.C. § 506(a) and (d), and § 1322(b)(2), in their request for a lien strip. However, before the formal briefing in this appeal began, this Court decided Branigan and held that the statutory basis for a strip off is found in 11 U.S.C. §§ 506(a) and 1322(b), without application of § 506(d). In the Alvarezes' brief, they acknowledge our holding in Branigan and concede that § 506(d) does not provide statutory support to complete a lien strip.

[3] Under 11 U.S.C. § 1322(b)(2), a debtor's plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the (Continued)

classifies [completely] valueless liens as unsecured claims, operates with section 1322(b)(2) to permit a bankruptcy court, in a Chapter 13 case, to strip off a lien against a primary residence with no value." Branigan, 716 F.3d at 335.

When a bankruptcy court confirms a debtor's reorganization plan, the plan binds the debtor and his creditors. 11 U.S.C. § 1327(a). A lien strip becomes effective and permanently eliminates a lienholder's in rem rights against the collateral property upon completion of a debtor's reorganization plan. Branigan, 716 F.3d at 338.

### B.

In the present case, Jose Alvarez (Mr. Alvarez) filed a Chapter 13 petition in the United States Bankruptcy Court for the District of Maryland. In that petition, Mr. Alvarez identified his property, including his interest in his primary residence located in Maryland (the property or the entireties property). The property is owned by Mr. Alvarez and his wife, Meyber L. Alvarez (Mrs. Alvarez), as tenants by the entireties. Mrs. Alvarez was not a party to Mr. Alvarez's bankruptcy petition, nor did she file a separate bankruptcy petition.

---

debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

At the time Mr. Alvarez's bankruptcy petition was filed, the property had a value of $442,400.00 and was encumbered by two mortgage liens.[4] The first-priority mortgage lien, held by Chase Home Finance, had a balance of $447,572.84. HSBC Mortgage Service (HSBC) held the second-priority mortgage lien with a balance of $75,455.08. Thus, the value of the property when the petition was filed was less than the full amount owed on the first-priority lien, rendering the second-priority lien valueless.

In accordance with the Federal Rules of Bankruptcy Procedure, Mr. and Mrs. Alvarez jointly filed a complaint in the bankruptcy court against HSBC. In their complaint, the Alvarezes maintained that because HSBC's lien was completely valueless and, thus, was unsecured under 11 U.S.C. § 506(a), they were entitled to strip off the lien.[5] The bankruptcy court denied the requested relief, concluding that the lien on the

_____

[4] According to an appraisal completed a few weeks after the bankruptcy petition was filed, the property had a value of $440,000.

[5] In their complaint, Mr. and Mrs. Alvarez sought entry of default judgment based on the fact that HSBC had not filed a response to their action. Although the bankruptcy clerk of court initially entered a default, the bankruptcy court ultimately denied the motion to enter default judgment. On appeal, this Court appointed amicus curiae counsel to present argument opposing Mr. and Mrs. Alvarez's position.

7

entireties property could not be stripped because both tenants by the entireties had not filed a petition for bankruptcy.[6]

The district court affirmed the bankruptcy court's decision, and the Alvarezes timely filed the present appeal. We have jurisdiction under 28 U.S.C. § 158(d). See Educ. Credit Mgmt. Corp. v. Kirkland, 600 F.3d 310, 314 (4th Cir. 2010); Sumy v. Scholssberg, 777 F.2d 921, 922-23 (4th Cir. 1985).

## II.

The question before us is whether a bankruptcy court, in a Chapter 13 case filed by only one spouse, can strip off a valueless lien on property that the debtor and his non-debtor spouse own as tenants by the entireties. This is an issue of first impression among federal appellate courts, and bankruptcy courts have reached different conclusions in answering the question. Compare In re Hunter, 284 B.R. 806 (Bankr. E.D. Va. 2002) (applying Pennsylvania law and concluding that an individual debtor spouse cannot strip off a lien on entireties property), and In re Pierre, 468 B.R. 419 (Bankr. M.D. Fla. 2012) (reaching same result under Florida law), with, e.g., In re Strausbough, 426 B.R. 243 (Bankr. E.D. Mich. 2010) (applying

---

[6] The bankruptcy court later denied the Alvarezes' motion for reconsideration.

8

Michigan law and determining that an individual debtor can strip a valueless lien on entireties property).

When we review a district court's judgment affirming a bankruptcy court's decision, we employ a de novo standard and consider directly the bankruptcy court's findings of fact and conclusions of law. Branigan, 716 F.3d at 334 (citing Morris v. Quigley, 673 F.3d 269, 271 (4th Cir. 2012)). We will not reverse the bankruptcy court's factual findings absent clear error and review that court's legal conclusions de novo. Id. Also, because this appeal involves a debtor's rights in real property, we consider established principles of Maryland law regarding property held in a tenancy by the entirety. See Butner v. United States, 440 U.S. 48, 54 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.").

Under Maryland law, a tenancy by the entirety is a joint tenancy of spouses with rights of survivorship between the spouses. Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004) (citing Bruce v. Dyer, 524 A.2d 777, 780 (Md. 1987)). In such an estate, the property is not owned by either spouse individually, but by the marital unit, with each spouse having an undivided interest in the whole property. Id.; Arbesman v. Winer, 468 A.2d 633, 640 (Md. 1983).

A tenancy by the entirety is created under Maryland law only when the four essential common law unities co-exist. Bruce, 524 A.2d at 780 (internal citation omitted). Those unities require "that the tenants enjoy identical interests; enjoy identical, undivided possession; and that the tenancy commence at the same time via the same instrument." Id.

While both spouses are alive, a tenancy by the entirety can be severed only by divorce or by the joint action of both spouses. Id. at 781. One spouse alone cannot alienate, convey, or encumber his or her interest in the entireties property. United States v. Gresham, 964 F.2d 1426, 1430 n.7 (4th Cir. 1992) (citing Beall v. Beall, 434 A.2d 1015, 1021 (Md. 1981)). Also, the tenancy cannot be severed by individual judgment creditors during the tenants' joint, married life. Beall, 434 A.2d at 1021.

When an individual files a bankruptcy petition, a bankruptcy estate is created by operation of law. 11 U.S.C. §§ 301, 541(a). Subject to some exceptions not relevant here, 11 U.S.C. § 541 mandates that a debtor's bankruptcy estate contain "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Thus, under this provision, a debtor's undivided interest in entireties property is part of that debtor's bankruptcy estate. In re Ford, 3 B.R. 559, 571 (Bankr. D. Md.

10

1980), aff'd sub nom. Greenblatt v. Ford, 638 F.2d 14 (4th Cir. 1981).

In the present case, the district court and the bankruptcy court relied on In re Hunter, a bankruptcy court decision addressing the issue before us. See 284 B.R. 806. There, as in this case, only one of the tenants by the entireties had filed a petition in bankruptcy. Id. at 809. Applying Pennsylvania law governing tenancy by the entirety, the bankruptcy court determined that it lacked authority to strip off a valueless lien on property owned by the debtor and his spouse as tenants by the entireties because only the debtor's interest in the entireties property, rather than the whole of the property, was before the bankruptcy court. Id. at 813-14.

In addressing a related issue, this Court considered the special nature of a tenancy by the entirety under Maryland law, and held that when an individual owning property in such a tenancy files a bankruptcy petition, thereby creating a bankruptcy estate, such action "does not sever the estate of tenancy by the entirety" created under Maryland law. Greenblatt, 638 F.2d at 14-15. Relying on this reasoning in Greenblatt, the Alvarezes assert that the whole of their entireties property necessarily became part of Mr. Alvarez's bankruptcy estate, because the entireties estate was not severed

11

by his filing of the individual bankruptcy petition. We disagree with the Alvarezes' argument.

Our decision in Greenblatt v. Ford summarily affirmed the rationale applied by the bankruptcy court in that case. 638 F.2d at 15. In its decision, the bankruptcy court made clear that when an individual who owns property in a tenancy by the entirety files for bankruptcy,

> [t]he asset which becomes a part of the [bankruptcy] estate is only [the debtor's] interest as it existed immediately before the commencement of the case . . . [his] individual undivided interest as a tenant by the entirety.

In re Ford, 3 B.R. at 575.

The bankruptcy court in that case further explained that because a bankruptcy trustee obtains only custody of a debtor's interest in entireties property, the filing of an individual bankruptcy petition and the creation of an individual bankruptcy estate do not sever the unities of a tenancy by the entirety. See id. at 570. Therefore, under our precedent and in accordance with principles of Maryland law, only Mr. Alvarez's interest in the entireties property, and not the whole of the entireties property owned by the marital unit, became part of his bankruptcy estate. See Greenblatt, 638 F.2d at 14-15.

Additionally, as we have explained, to achieve a lien strip, a Chapter 13 debtor's reorganization plan ultimately modifies the unsecured creditor's rights and removes the in rem

12

component of the lien.  11 U.S.C. § 1322(b)(2); Branigan, 716 F.3d at 335, 338.  A debtor's reorganization plan, upon confirmation by the bankruptcy court, binds only the debtor and that debtor's creditors.  11 U.S.C. § 1327(a).  Therefore, the bankruptcy court is without authority to modify a lienholder's rights with respect to a non-debtor's interest in a property held in a tenancy by the entirety.

The Alvarezes nevertheless contend that Mrs. Alvarez and her interest in the entireties property are properly before the bankruptcy court, because Mr. and Mrs. Alvarez filed a joint complaint seeking to strip off the lien.  The Alvarezes maintain that their act of jointly filing the complaint satisfied the requirement of Maryland law that tenants by the entireties act together to alter their interests in their entireties property. See Beall, 434 A.2d at 1021.

We find no merit in this argument.  By filing their complaint, the Alvarezes asked the bankruptcy court to determine that HSBC's lien was valueless and unsecured, and to permit a lien strip.  Indeed, this Court has held that a debtor must take affirmative action to strip a lien.  Cen-Pen Corp., 58 F.3d at 92-93.

Here, however, the Alvarezes' complaint did not bring Mrs. Alvarez's interest in the property before the court.  The filing of the complaint did not alter the property rights contained in

13

Mr. Alvarez's bankruptcy estate or the power of the court to bind only the debtor and his creditors in any reorganization plan. See 11 U.S.C. § 1327(a). Thus, the Alvarezes were not entitled to obtain the removal of the lien against their entireties property without submitting both parties to the burden of a bankruptcy filing. See In re Hunter, 284 B.R. at 813.

Our conclusion is not altered by the Alvarezes' reliance on 11 U.S.C. § 363(h),[7] which permits a bankruptcy trustee in limited circumstances to dispose of a non-debtor spouse's

---

[7] This provision states:

[T]he trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

14

interest in entireties property.  Under § 363(h), a trustee can sell a bankruptcy petitioner's interest in entireties property as well as the interest of a non-debtor spouse under specified circumstances.  This provision represents a narrow legislative exception to the general common-law rule prohibiting any unilateral severance of an entireties estate.  See In re Hunter, 284 B.R. at 812.  Moreover, the Bankruptcy Code does not authorize a bankruptcy court to eliminate a lienholder's rights with respect to a non-debtor's interest in property or to contravene state law regarding entireties property to eliminate an in rem component of a lien.

We therefore hold that the bankruptcy court did not err in concluding that it lacked authority in a Chapter 13 proceeding to strip off a valueless lien on Maryland property held in a tenancy by the entirety, when only one tenant spouse had filed a bankruptcy petition.  Accordingly, we affirm the district court's judgment upholding the bankruptcy court decision.

AFFIRMED

15